STUART N. SENATOR (State Bar No. 148009)
stuart.senator@mto.com
JONATHAN E. ALTMAN (State Bar No. 170607)
jonathan.altman@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

JEREMY A. LAWRENCE (State Bar No. 270866)
jeremy.lawrence@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105
Telephone:  (415) 512-4000
Facsimile:   (415) 512-4077

Attorneys for Defendant
IDEXX Laboratories, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LABELLE FOUNDATION, INC., ELOISE RESCUE, 4 PAWS KIDDO RESCUE, ANIMALDEFENSERESCUE.ORG, WESTSIDE GERMAN SHEPHERD RESCUE OF LOS ANGELES, INC., and LISA RITZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>IDEXX LABORATORIES, INC. ,<br><br>Defendant. | Case No. 2:24-cv-1131<br><br>**NOTICE OF REMOVAL BY DEFENDANT IDEXX LABORATORIES, INC. UNDER THE CLASS ACTION FAIRNESS ACT**<br><br>(From the Los Angeles County Superior Court, Case No. 24STCV00360) |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant IDEXX Laboratories, Inc. ("IDEXX") hereby removes the above-captioned matter, commenced as Case Number 24STCV00360 in the Superior Court of the State of California for the County of Los Angeles (the "Action"), to the United States District Court for the

NOTICE OF REMOVAL

Central District of California, on the ground that federal diversity jurisdiction exists under the Class Action Fairness Act of 2005 ("CAFA"), pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446. In support of its Notice of Removal, IDEXX states the following:

## REMOVAL IS TIMELY

1. On January 5, 2024, Plaintiffs The Labelle Foundation, Inc., Eloise Rescue, 4 Paws Kiddo Rescue, Animaldefenserescue.org, Westside German Shepherd Rescue of Los Angeles, Inc., and Lisa Ritz, individually and on behalf of a putative class, filed the Action in the Superior Court of the State of California for the County of Los Angeles against IDEXX.

2. IDEXX was served with a summons and a copy of the Complaint on January 11, 2024. This removal petition is therefore timely under 28 U.S.C. § 1446(b).

## CAFA'S REQUIREMENTS FOR REMOVAL ARE SATISFIED

3. The Action is a putative class action over which this Court has original jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d). Each of CAFA's requirements is satisfied here because (i) the Action is brought as a putative class action; (ii) there is "minimal diversity" of citizenship; (iii) the putative class size exceeds 100 persons; and (iv) the amount allegedly in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B). Because the Action meets CAFA's requirements, it may be removed to this Court under the provisions of 28 U.S.C. §§ 1446 and 1453.[1]

---

[1] A removal petition must be a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "[A] removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements." *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 963 (9th Cir. 2020) (citation and internal quotations marks omitted). IDEXX reserves the right to submit evidence in support of its statement of the grounds for removal in the event of a challenge to removal. *See Dart Cherokee Basin Operating Co. v. Owens*,

### The Action Is a Covered Class Action

4. CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute … authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The Action satisfies this definition because Plaintiffs bring their suit "pursuant to Code of Civil Procedure section 382 on behalf of itself [sic] and a Class." Compl. ¶ 88. Section 382 of California's Code of Civil Procedure is California's equivalent to Rule 23 of the Federal Rules of Civil Procedure. *See Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1121 (9th Cir. 2014) (referring to section 382 as "the California class action statute").

### Diversity Exists

5. CAFA's diversity requirement is satisfied if at least one putative class member and one defendant are citizens of different states. 28 U.S.C. § 1332(d)(2)(A).

6. For diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). IDEXX is therefore a citizen of Delaware, where it is incorporated, and Maine, where it has principal place of business, both at the time of the filing of the action and at the time of removal.[2]

---

574 U.S. 81, 87, 89 (2014) (the requirements for a removal petition "track[] the general pleading requirement stated in Rule 8(a)" and evidence is required in support of removal "only when the plaintiff contests, or the court questions, the defendant's allegation").

[2] The Complaint incorrectly alleges that IDEXX is incorporated in Massachusetts. Compl. ¶ 24. IDEXX is actually incorporated in Delaware. Federal jurisdiction exists regardless.

7. Plaintiff Labelle Foundation, Inc., is incorporated and has its principal place of business in California. The Labelle Foundation, Inc. is therefore a citizen of California, both at the time of the filing of the action and at the time of removal.

8. Plaintiff Eloise Rescue is incorporated and has its principal place of business in California. Eloise Rescue is therefore a citizen of California, both at the time of the filing of the action and at the time of removal.

9. Plaintiff 4 Paws Kiddo Rescue is incorporated and has its principal place of business in California. 4 Paws Kiddo Rescue is therefore a citizen of California, both at the time of the filing of the action and at the time of removal.

10. Plaintiff Westside German Shepherd Rescue of Los Angeles, Inc. is incorporated and has its principal place of business in California. Westside German Shepherd Rescue of Los Angeles is therefore a citizen of California, both at the time of the filing of the action and at the time of removal.

11. Plaintiff Animaldefenserescue.org is incorporated and has its principal place of business in Washington. Animaldefenserescue.org is therefore a citizen of Washington, both at the time of the filing of the action and at the time of removal.

12. Plaintiff Lisa Ritz resides in and is a citizen of California, both at the time of the filing of the action and at the time of removal.

13. Because Plaintiffs Labelle Foundation, Inc., Eloise Rescue, 4 Paws Kiddo Rescue, Westside German Shepherd Rescue of Los Angeles, Inc., and Lisa Ritz are citizens of California, and Plaintiff Animaldefenserescue.org is a citizen of Washington, at least six members of the putative class are citizens of different states from the states of which Defendant IDEXX is a citizen, Maine and Delaware. CAFA's minimal diversity requirement is satisfied.

### The Putative Class Exceeds 100 Members

14. Plaintiffs' proposed class exceeds the number of putative class members required for removal under CAFA. CAFA does not permit removal of proposed classes of less than 100 members. 28 U.S.C. § 1332(d)(5)(B). Plaintiffs

allege a putative class of "approximately 50,000 veterinarian providers" and "hundreds of thousands of customers" who experienced "tens of thousands" of "improperly merged" patient records.  Compl. ¶ 90.

### The Alleged Amount in Controversy Exceeds $5 Million

15. CAFA's amount-in-controversy requirement is met if the amount sought by or on behalf of individual members of the proposed class, when aggregated, exceed $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2), (6).  That is the case here.

16. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint'" *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).[3]

17. Plaintiffs allege that IDEXX's VetConnect Plus software incorrectly merges patient records and results in misreporting test results, and on that basis assert six causes of action: (i) negligence; (ii) negligent misrepresentation; (iii) fraud; (iv) unjust enrichment; (v) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and (vi) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq*.  On behalf of two putative classes—one of persons in California and one of persons nationwide—Plaintiffs seek, among other things, actual and punitive

---

[3] While IDEXX shows here that the amount-in-controversy requirement is satisfied, IDEXX denies Plaintiffs' substantive allegations, denies that Plaintiffs are entitled to any of the relief sought in the Complaint, denies that class treatment is appropriate for the Action, and does not waive any defense to any of Plaintiffs' claims.

damages, restitution, and disgorgement, as well as attorney's fees and costs. Compl. ¶¶ 127, 139; Prayer ¶¶ E, F, H.

18. It is clear from the face of the complaint that CAFA's $5 million threshold is met. *See Carrillo v. FCA USA, LLC*, 546 F. Supp. 3d 995, 998 (C.D. Cal. 2021) ("When a complaint filed in state court alleges on its face 'damages in excess of the required jurisdictional minimum,' the amount pled controls unless it appears 'to a legal certainty' that the claim is for less than the jurisdictional amount." (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402-04 (9th Cir. 1996)). A calculation of restitution sought for the putative class exceeds CAFA's requirement. Plaintiffs allege that IDEXX's "suggested in-clinic protocol tests … range in price from $200.00 to $334.00." Compl. ¶ 5 (internal quotation marks omitted). The Class is defined in part as "[a]ll persons in the United States who paid veterinary providers for IDEXX laboratory tests between four years prior to the filing of the Complaint, through the date of class certification." *Id.* at ¶ 88. Plaintiffs allege that the veterinarians who use IDEXX's services serve "hundreds of thousands of customers," *id.* at ¶ 90, each of whom is a potential class member under Plaintiffs' proposed class definition.[4] Using the lower end of the alleged suggested pricing of $200 per test, one test per customer, and 100,000 total customers over 4 years, Plaintiffs are seeking restitution of $20,000,000. *See Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1150 (C.D. Cal. 2010) ("Plaintiff included no limitation on the number of violations, and, taking his complaint as true, Defendants could properly calculate the amount in controversy

---

[4] The Complaint states that "had Plaintiffs and Class Members been aware of the true facts regarding Defendant's deficient and unreasonable data practices, they would have declined to purchase and/or subscribe to Defendants' services." Compl. ¶ 131. Therefore, at least as to the unjust enrichment claim (Count IV), Plaintiffs seek restitution on behalf of *everyone* who purchased an IDEXX test, not just those who suffered from an incorrect or misreported result.

based on a 100% violation rate."); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925, 927 (9th Cir. 2019) ("[A] removing defendant is permitted to rely on 'a chain of reasoning that includes assumptions,'" and "assumptions made [as] part of the defendant's chain of reasoning need not be proven; they instead must only have 'some reasonable ground underlying them.'") (citations omitted). The amount-in-controversy requirement is thus satisfied based solely on the restitution alleged on behalf of the Class, even before accounting for Plaintiffs' other theories of relief.

19. In addition to restitution, Plaintiffs seek punitive damages, Compl. ¶¶ 111, 118, 127, further increasing the amount in controversy. *See, e.g., Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). Additional amounts are put in controversy by Plaintiffs' claims, but they are not calculated herein because the amount in controversy well exceeds $5,000,000 regardless.

## No CAFA Exceptions Apply

20. The Action is not within an exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d).

## OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

21. <u>Removal to Proper Court</u>: This Court is part of the "district and division" embracing the place where the Action was filed—that is, Los Angeles County, California. 28 U.S.C. § 1446(a).

22. <u>Pleadings and Process</u>: As required by 28 U.S.C. § 1446(a), attached to this Notice as Exhibit 1 are "cop[ies] of all process, pleadings, and orders served upon" or obtained by IDEXX in this action.

23. <u>Filing and Service</u>: Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles and is being served on all counsel of record.

24. This Notice of Removal is filed for the purpose of removing this case to this Court and establishing the jurisdictional basis thereof. IDEXX will address the allegations and damages claimed in the Complaint in its Answer, if that is required, and files this Notice preserving and without waiving the right to deny any allegations (including class action allegations) or damages claimed in the complaint, and the right to assert any applicable defenses.

BASED ON THE FOREGOING, IDEXX hereby removes this Action from the Superior Court of the State of California for the County of Los Angeles, Case Number 24STCV00360, to the United States District Court for the Central District of California.

DATED: February 9, 2024          MUNGER, TOLLES & OLSON LLP

By: ___*/s/ Jeremy A. Lawrence*___
Jeremy A. Lawrence
Attorneys for Defendant IDEXX Laboratories, Inc.