# EXHIBIT 1

STUART N. SENATOR (State Bar No. 148009)
stuart.senator@mto.com
JONATHAN E. ALTMAN (State Bar No. 170607)
jonathan.altman@mto.com
JEREMY A. LAWRENCE (State Bar No. 270866)
jeremy.lawrence@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

Attorneys for Defendant
IDEXX Laboratories, Inc.

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/09/2024 4:33 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By K. Jones, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| THE LABELLE FOUNDATION, INC., ELOISE RESCUE, 4 PAWS KIDDO RESCUE, ANIMALDEFENSERESCUE.ORG, WESTSIDE GERMAN SHEPHERD RESCUE OF LOS ANGELES, INC., and LISA RITZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>IDEXX LABORATORIES, INC.; DOES 1 through 10, inclusive;<br><br>Defendant. | Case No. 24STCV00360<br><br>**DEFENDANT IDEXX LABORATORIES, INC.'S NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT**<br><br>Assigned for All Purposes to:<br>Hon. Kenneth R. Freeman<br>Department 14<br><br>Complaint Filed: January 5, 2024<br>Trial Date: N/A |

TO THIS COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 9, 2024, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant IDEXX Laboratories, Inc. removed this action to the United States District Court for the Central District of California. A true and correct copy of the Notice of Removal filed in that court is attached hereto as Exhibit A.

PLEASE TAKE FURTHER NOTICE that the filing of the Notice of Removal in the United States District Court for the Central District of California, together with the filing of a

1   copy of this Notice of Removal with this Court, effects removal of this action, and by virtue of this

2   removal, no further proceedings before this Court are permitted.  (See 28 U.S.C. § 1446, subd.

3   (d).)

4

5   DATED:  February 9, 2024                 MUNGER, TOLLES & OLSON LLP

6

7                                            By:      */s/ Jonathan E. Altman*

8                                                     Jonathan E. Altman

9                                            Attorneys for Defendant IDEXX Laboratories, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1  STUART N. SENATOR (State Bar No. 148009)
   stuart.senator@mto.com
2  JONATHAN E. ALTMAN (State Bar No. 170607)
   jonathan.altman@mto.com
3  MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue
4  Los Angeles, California 90071-3426
   Telephone:  (213) 683-9100
5  Facsimile:   (213) 687-3702

6  JEREMY A. LAWRENCE (State Bar No. 270866)
   jeremy.lawrence@mto.com
7  MUNGER, TOLLES & OLSON LLP
   560 Mission Street, Twenty-Seventh Floor
8  San Francisco, California 94105
   Telephone:  (415) 512-4000
9  Facsimile:   (415) 512-4077

10 Attorneys for Defendant
   IDEXX Laboratories, Inc.

11

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14

15 | THE LABELLE FOUNDATION, INC., | Case No. 2:24-cv-1131
   | ELOISE RESCUE, 4 PAWS KIDDO |
16 | RESCUE, | **NOTICE OF REMOVAL BY**
   | ANIMALDEFENSERESCUE.ORG, | **DEFENDANT IDEXX**
   | WESTSIDE GERMAN SHEPHERD | **LABORATORIES, INC. UNDER**
17 | RESCUE OF LOS ANGELES, INC., | **THE CLASS ACTION FAIRNESS**
   | and LISA RITZ, individually and on | **ACT**
18 | behalf of all others similarly situated, |
   | | (From the Los Angeles County Superior
19 |                Plaintiffs, | Court, Case No. 24STCV00360)
20 |        vs. |
21 | IDEXX LABORATORIES, INC. , |
22 |                Defendant. |

23

24         TO THE CLERK OF THE ABOVE-ENTITLED COURT:

25         PLEASE TAKE NOTICE that Defendant IDEXX Laboratories, Inc.

26 ("IDEXX") hereby removes the above-captioned matter, commenced as Case

27 Number 24STCV00360 in the Superior Court of the State of California for the

28 County of Los Angeles (the "Action"), to the United States District Court for the

Central District of California, on the ground that federal diversity jurisdiction exists under the Class Action Fairness Act of 2005 ("CAFA"), pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446.  In support of its Notice of Removal, IDEXX states the following:

## **REMOVAL IS TIMELY**

1.      On January 5, 2024, Plaintiffs The Labelle Foundation, Inc., Eloise Rescue, 4 Paws Kiddo Rescue, Animaldefenserescue.org, Westside German Shepherd Rescue of Los Angeles, Inc., and Lisa Ritz, individually and on behalf of a putative class, filed the Action in the Superior Court of the State of California for the County of Los Angeles against IDEXX.

2.      IDEXX was served with a summons and a copy of the Complaint on January 11, 2024.  This removal petition is therefore timely under 28 U.S.C. § 1446(b).

## **CAFA'S REQUIREMENTS FOR REMOVAL ARE SATISFIED**

3.      The Action is a putative class action over which this Court has original jurisdiction under CAFA.  *See* 28 U.S.C. § 1332(d).  Each of CAFA's requirements is satisfied here because (i) the Action is brought as a putative class action; (ii) there is "minimal diversity" of citizenship; (iii) the putative class size exceeds 100 persons; and (iv) the amount allegedly in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B).  Because the Action meets CAFA's requirements, it may be removed to this Court under the provisions of 28 U.S.C. §§ 1446 and 1453.[1]

---

[1] A removal petition must be a "short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).  "[A] removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements."  *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 963 (9th Cir. 2020) (citation and internal quotations marks omitted).  IDEXX reserves the right to submit evidence in support of its statement of the grounds for removal in the event of a challenge to removal.  *See Dart Cherokee Basin Operating Co. v. Owens*,

## **The Action Is a Covered Class Action**

4.      CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute … authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).  The Action satisfies this definition because Plaintiffs bring their suit "pursuant to Code of Civil Procedure section 382 on behalf of itself [sic] and a Class."  Compl. ¶ 88.  Section 382 of California's Code of Civil Procedure is California's equivalent to Rule 23 of the Federal Rules of Civil Procedure.  *See Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1121 (9th Cir. 2014) (referring to section 382 as "the California class action statute").

## **Diversity Exists**

5.      CAFA's diversity requirement is satisfied if at least one putative class member and one defendant are citizens of different states.  28 U.S.C. § 1332(d)(2)(A).

6.      For diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  IDEXX is therefore a citizen of Delaware, where it is incorporated, and Maine, where it has principal place of business, both at the time of the filing of the action and at the time of removal.[2]

---

574 U.S. 81, 87, 89 (2014) (the requirements for a removal petition "track[] the general pleading requirement stated in Rule 8(a)" and evidence is required in support of removal "only when the plaintiff contests, or the court questions, the defendant's allegation").

[2] The Complaint incorrectly alleges that IDEXX is incorporated in Massachusetts.  Compl. ¶ 24.  IDEXX is actually incorporated in Delaware.  Federal jurisdiction exists regardless.

7.      Plaintiff Labelle Foundation, Inc., is incorporated and has its principal place of business in California.  The Labelle Foundation, Inc. is therefore a citizen of California, both at the time of the filing of the action and at the time of removal.

8.      Plaintiff Eloise Rescue is incorporated and has its principal place of business in California.  Eloise Rescue is therefore a citizen of California, both at the time of the filing of the action and at the time of removal.

9.      Plaintiff 4 Paws Kiddo Rescue is incorporated and has its principal place of business in California.  4 Paws Kiddo Rescue is therefore a citizen of California, both at the time of the filing of the action and at the time of removal.

10.      Plaintiff Westside German Shepherd Rescue of Los Angeles, Inc. is incorporated and has its principal place of business in California.  Westside German Shepherd Rescue of Los Angeles is therefore a citizen of California, both at the time of the filing of the action and at the time of removal.

11.      Plaintiff Animaldefenserescue.org is incorporated and has its principal place of business in Washington.  Animaldefenserescue.org is therefore a citizen of Washington, both at the time of the filing of the action and at the time of removal.

12.      Plaintiff Lisa Ritz resides in and is a citizen of California, both at the time of the filing of the action and at the time of removal.

13.      Because Plaintiffs Labelle Foundation, Inc., Eloise Rescue, 4 Paws Kiddo Rescue, Westside German Shepherd Rescue of Los Angeles, Inc., and Lisa Ritz are citizens of California, and Plaintiff Animaldefenserescue.org is a citizen of Washington, at least six members of the putative class are citizens of different states from the states of which Defendant IDEXX is a citizen, Maine and Delaware.  CAFA's minimal diversity requirement is satisfied.

**The Putative Class Exceeds 100 Members**

14.      Plaintiffs' proposed class exceeds the number of putative class members required for removal under CAFA.  CAFA does not permit removal of proposed classes of less than 100 members.  28 U.S.C. § 1332(d)(5)(B).  Plaintiffs

allege a putative class of "approximately 50,000 veterinarian providers" and "hundreds of thousands of customers" who experienced "tens of thousands" of "improperly merged" patient records.  Compl. ¶ 90.

### The Alleged Amount in Controversy Exceeds $5 Million

15.    CAFA's amount-in-controversy requirement is met if the amount sought by or on behalf of individual members of the proposed class, when aggregated, exceed $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2), (6).  That is the case here.

16.    "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint'" *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).[3]

17.    Plaintiffs allege that IDEXX's VetConnect Plus software incorrectly merges patient records and results in misreporting test results, and on that basis assert six causes of action: (i) negligence; (ii) negligent misrepresentation; (iii) fraud; (iv) unjust enrichment; (v) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and (vi) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*  On behalf of two putative classes—one of persons in California and one of persons nationwide—Plaintiffs seek, among other things, actual and punitive

---

[3] While IDEXX shows here that the amount-in-controversy requirement is satisfied, IDEXX denies Plaintiffs' substantive allegations, denies that Plaintiffs are entitled to any of the relief sought in the Complaint, denies that class treatment is appropriate for the Action, and does not waive any defense to any of Plaintiffs' claims.

1   damages, restitution, and disgorgement, as well as attorney's fees and costs.  Compl.

2   ¶¶ 127, 139; Prayer ¶¶ E, F, H.

3         18.    It is clear from the face of the complaint that CAFA's $5 million

4   threshold is met.  *See Carrillo v. FCA USA, LLC*, 546 F. Supp. 3d 995, 998 (C.D.

5   Cal. 2021) ("When a complaint filed in state court alleges on its face 'damages in

6   excess of the required jurisdictional minimum,' the amount pled controls unless it

7   appears 'to a legal certainty' that the claim is for less than the jurisdictional

8   amount." (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402-04 (9th

9   Cir. 1996)).  A calculation of restitution sought for the putative class exceeds

10  CAFA's requirement.  Plaintiffs allege that IDEXX's "suggested in-clinic protocol

11  tests … range in price from $200.00 to $334.00."  Compl. ¶ 5 (internal quotation

12  marks omitted).  The Class is defined in part as "[a]ll persons in the United States

13  who paid veterinary providers for IDEXX laboratory tests between four years prior

14  to the filing of the Complaint, through the date of class certification."  *Id.* at ¶ 88.

15  Plaintiffs allege that the veterinarians who use IDEXX's services serve "hundreds of

16  thousands of customers,"  *id.* at ¶ 90, each of whom is a potential class member

17  under Plaintiffs' proposed class definition.[4]  Using the lower end of the alleged

18  suggested pricing of $200 per test, one test per customer, and 100,000 total

19  customers over 4 years, Plaintiffs are seeking restitution of $20,000,000.  *See*

20  *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1150 (C.D. Cal. 2010)

21  ("Plaintiff included no limitation on the number of violations, and, taking his

22  complaint as true, Defendants could properly calculate the amount in controversy

23

24  ───────────────

    [4] The Complaint states that "had Plaintiffs and Class Members been aware of the

25  true facts regarding Defendant's deficient and unreasonable data practices, they

    would have declined to purchase and/or subscribe to Defendants' services."  Compl.

26  ¶ 131.  Therefore, at least as to the unjust enrichment claim (Count IV), Plaintiffs

27  seek restitution on behalf of *everyone* who purchased an IDEXX test, not just those

    who suffered from an incorrect or misreported result.

28

based on a 100% violation rate."); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925, 927 (9th Cir. 2019) ("[A] removing defendant is permitted to rely on 'a chain of reasoning that includes assumptions,'" and "assumptions made [as] part of the defendant's chain of reasoning need not be proven; they instead must only have 'some reasonable ground underlying them.'") (citations omitted).  The amount-in-controversy requirement is thus satisfied based solely on the restitution alleged on behalf of the Class, even before accounting for Plaintiffs' other theories of relief.

19.     In addition to restitution, Plaintiffs seek punitive damages, Compl. ¶¶ 111, 118, 127, further increasing the amount in controversy.  *See, e.g., Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").  Additional amounts are put in controversy by Plaintiffs' claims, but they are not calculated herein because the amount in controversy well exceeds $5,000,000 regardless.

### No CAFA Exceptions Apply

20.     The Action is not within an exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d).

### OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

21.     <u>Removal to Proper Court</u>:  This Court is part of the "district and division" embracing the place where the Action was filed—that is, Los Angeles County, California.  28 U.S.C. § 1446(a).

22.     <u>Pleadings and Process</u>:  As required by 28 U.S.C. § 1446(a), attached to this Notice as Exhibit 1 are "cop[ies] of all process, pleadings, and orders served upon" or obtained by IDEXX in this action.

23.     <u>Filing and Service</u>:  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles and is being served on all counsel of record.

24.     This Notice of Removal is filed for the purpose of removing this case to this Court and establishing the jurisdictional basis thereof.  IDEXX will address the allegations and damages claimed in the Complaint in its Answer, if that is required, and files this Notice preserving and without waiving the right to deny any allegations (including class action allegations) or damages claimed in the complaint, and the right to assert any applicable defenses.

BASED ON THE FOREGOING, IDEXX hereby removes this Action from the Superior Court of the State of California for the County of Los Angeles, Case Number 24STCV00360, to the United States District Court for the Central District of California.

DATED:  February 9, 2024          MUNGER, TOLLES & OLSON LLP


By:     /s/ Jeremy A. Lawrence
        Jeremy A. Lawrence
        Attorneys for Defendant IDEXX
        Laboratories, Inc.

# Complaints and Other Initiating Documents

[2:24-cv-01131 The Labelle Foundation, Inc et al v. Idexx Laboratories, Inc.](#)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Lawrence, Jeremy on 2/9/2024 at 2:00 PM PST and filed on 2/9/2024

**Case Name:**  The Labelle Foundation, Inc et al v. Idexx Laboratories, Inc.
**Case Number:**  [2:24-cv-01131](#)
**Filer:**  Idexx Laboratories, Inc.
**Document Number:** [1](#)

**Docket Text:**
**NOTICE OF REMOVAL from Superior Court of California, County of Los Angeles, case number 24STCV00360 Receipt No: ACACDC-36891316 - Fee: $405, filed by Defendant Idexx Laboratories, Inc.. (Attachments: # (1) Exhibit 1, # (2) Exhibit 2) (Attorney Jeremy A Lawrence added to party Idexx Laboratories, Inc.(pty:dft))(Lawrence, Jeremy)**

**2:24-cv-01131 Notice has been electronically mailed to:**

Jeremy A Lawrence  jeremy.lawrence@mto.com, dkt-filings@mto.com, irving.girshman@mto.com

**2:24-cv-01131 Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

4 Paws Kiddo Rescue

Animaldefenserescue.org

The Labelle Foundation, Inc

Westside German Shepherd Rescue of Los Angeles, Inc.

Eloise Rescue

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\fakepath\Federal Notice of Removal.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=2/9/2024] [FileNumber=37362818-0]
[25b4ff0fb6d6a66f75b9b958bba72b1c677c7df6ab21606bbc31490ed157f323a206
38619a44ae5c9756460e260618899f053963896f7506f0ee41d0021108ab]]
**Document description:** Exhibit 1
**Original filename:** C:\fakepath\Ex. 1 - Complaint.pdf

**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=2/9/2024] [FileNumber=37362818-1]
[9ed31460050a32c243bca9e796cc92ee5840af43fd3d5177172075d5e957674618f0
4d0a6d05d7ac7a6d35cf5d059667fe02ceb8076b146941e5b05aacf1de93]]
**Document description:**Exhibit 2
**Original filename:**C:\fakepath\Ex. 2 - Proof of Service.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=2/9/2024] [FileNumber=37362818-2]
[5dd7107438b8e1c67740e5e22c9653a3348be9aaa8d2aee51dcebdd1b77ce6965225
d3d5bbe411f59aa00964ac49bf71b58387e08d7a85bfcccaa58af6896bfd]]

# EXHIBIT 1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, P.C.,SBN 216752, Law Offices of Todd M. Friedman, P.C. 21031 Ventura Blvd., Suite 340, Woodland Hills, CA 91364 | |

TELEPHONE NO.: 323-306-4234　　　FAX NO.: 866-633-0228
EMAIL ADDRESS: tfriedman@toddflaw.com
ATTORNEY FOR *(Name):*  Plaintiffs, The Labelle Foundation, et al

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES**
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: same
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

**Electronically FILED by
Superior Court of California,
County of Los Angeles
1/05/2024 2:27 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk**

CASE NAME:
The Labelle Foundation, et al v. Idexx Laboratories, Inc., et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited　　[ ] Limited (Amount demanded exceeds $35,000)　(Amount demanded is $35,000 or less) | [ ] Counter　　[ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 24STCV00360 |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [x] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2.  This case [x] is　[ ] is not　complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a.  [ ] Large number of separately represented parties
   b.  [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c.  [x] Substantial amount of documentary evidence
   d.  [x] Large number of witnesses
   e.  [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f.  [x] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):* a. [x] monetary   b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4.  Number of causes of action *(specify):* 6
5.  This case [x] is　[ ] is not　a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: January 5, 2024
Todd M. Friedman
_____
(TYPE OR PRINT NAME)　　　　　　　　　　　　　　　▶　　　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courts.ca.gov |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
<div align="right">CM-010</div>

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| The Labelle Foundation, et al v. Idexx Laboratories, Inc., et al | 24STCV00360 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| The Labelle Foundation, et al v. Idexx Laboratories, Inc., et al | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☑ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| The Labelle Foundation, et al v. Idexx Laboratories, Inc., et al | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| The Labelle Foundation, et al v. Idexx Laboratories, Inc., et al | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| The Labelle Foundation, et al v. Idexx Laboratories, Inc., et al | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: |
|---|---|
| CITY:      STATE:      ZIP CODE: | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: __01/05/2024__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
**Law Offices of Todd M. Friedman, P.C.**
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

Brian D. Flick (Pro Hac Vice Pending)
Marc E. Dann (Pro Hac Vice Pending)
Andrew M. Engel (Pro Hac Vice Pending)
DannLaw
15000 Madison Avenue
Cleveland, Ohio 44107
(216) 373-0539 telephone
(216) 373-0536 facsimile

**Attorneys for Plaintiff**

**Electronically FILED by
Superior Court of California,
County of Los Angeles
1/05/2024 2:27 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF LOS ANGELES
### UNLIMITED JURISDICTION

| | |
|---|---|
| **THE LABELLE FOUNDATION, INC., ELOISE RESCUE, 4 PAWS KIDDO RESCUE, ANIMALDEFENSERESCUE.ORG, WESTSIDE GERMAN SHEPHERD RESCUE OF LOS ANGELES, INC., AND LISA RITZ**, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> **IDEXX LABORATORIES, INC.; DOES 1 through 10, inclusive,** <br><br> Defendant. | Case No.    24STCV00360 <br><br> **CLASS ACTION COMPLAINT** <br><br> **(Amount to exceed $25,000)** <br><br> 1. Negligence <br> 2. Negligent Misrepresentation <br> 3. Fraud <br> 4. Unjust Enrichment <br> 5. Violation of the Business and Professions Code Sections 17200 *et seq.* (California Unfair Competition Law); <br> 6. Violation of the Business and Professions Code Section 17500 |

Plaintiffs, The Labelle Foundation, Inc., Eloise Rescue, 4 Paws Kiddo Rescue, Animal Defense Rescue, Westside German Shepherd Rescue Of Los Angeles, Inc., and Lisa Ritz, individually and on behalf of all others similarly situated, bring this action against IDEXX Laboratories, Inc. ("Defendant" or "IDEXX") for damages and other relief caused by IDEXX's VetConnect Plus software. Plaintiffs make these allegations on personal information as to those allegations pertaining to itself and its personal circumstances, and upon information and belief, based on the investigation of counsel and facts that are a matter of public knowledge, on all other matters.

## I. INTRODUCTION

1.      Defendant provides diagnostic and software products and services to veterinary practices worldwide.[1] The company describes itself as a "global leader in pet healthcare innovation"[2] and provides support to more than 50,000 veterinary practices.[3]

2.      Because of the advances in veterinary medicine, diagnostic tests, like those provided by IDEXX, have become more and more prevalent in the evaluation, diagnosis, and treatment of pets. In fact, use of, and reliance on, such tests has become the industry and professional standard for veterinarians in the United States.

3.      IDEXX offers cloud-based veterinary software, including VetConnect Plus (VC+), to "simplify the flow of information" and "bring clarity to clinical decision-making."[4] Since 2012, IDEXX has invested more than $450 million in research and development. Part of that investment supports ongoing development and deployment of new features in VC+.[5]

4.      VC+ is a Java-based app that runs on Google App Engine. VC+ allows its users to access test results, compare results to IDEXX Reference Laboratories, collaborate with referral practices in real time, and share client-friendly summaries with their customers.[6] The app is free and accessible from any device, including laptop and desktop computers running practice management systems or via the web, or by using the VetConnect PLUS app on iOS and Android mobile devices.

---

[1] https://www.idexx.com/en/about-idexx/ (last visited October 26, 2023).
[2] https://www.idexx.com/en/ (last visited October 26, 2023).
[3] https://www.idexx.com/en/about-idexx/ (last visited October 26, 2023).
[4] https://www.idexx.com/en/veterinary/software-services/ (last visited October 26, 2023).
[5] https://cloud.google.com/customers/idexx-laboratories (last visited October 26, 2023).
[6] https://cloud.google.com/customers/idexx-laboratories (last visited October 26, 2023).

5.     According to IDEXX Corporate Vice President and Chief Software Engineering Officer, Jeffrey Dixon, "IDEXX customers who use the app exhibit higher loyalty than customers who don't, which is important in a recurring revenue business model."[7]

6.     While VC+ users pay nothing to access a patient's test results, tests ordered from IDEXX Reference Labs vary in cost depending on an array of factors. For example, IDEXX provides a list of "suggested in-clinic protocol" tests for canines and felines that range in price from $200.00 to $334.00.[8]

7.     Each patient and client that is entered into the VC+ software is given a unique identification number that is located in the patient's profile account. Additionally, VC+ users can edit a patient profile by inserting basic information including but not limited to, patient name, species, gender, and age.[9]

8.     To order a test in VC+, users must select an existing patient or add a new patient. VC+ will not allow a user to select a test unless all required information is entered into the patient's profile. Once that step is complete, users can select a test from a list of frequently ordered tests; search for a test by name, test code, or test component; and/or choose from featured tests, tests for specific diseases, tests organized by body system, or tests organized by categories.

9.     Patient test results can be viewed under a tab labeled, "history" which lists diagnostic results by date. In the event a user is unable to locate a patient's test results, VC+ includes built-in search tools such as "suggested matches" and "search for matches" to find alternative patients who might have been confused with the current patient. For example, "suggested matches" will list any patient that VC+ recognizes as a close match, while "search for matches" allows a user to search for patients with similar names, and/or IDs.[10]

10.     Despite IDEXX's representations that VC+ brings "clarity to clinical decision-making" VC+ users were devastated and confused when they discovered that, somehow, they had inadvertently misdiagnosed numerous patients, resulting in infectious disease outbreaks and patient death.

---

[7] https://cloud.google.com/customers/idexx-laboratories (last visited October 26, 2023).
[8] https://www.idexx.com/media/filer_public/ac/b4/acb4078f-64c7-4d70-b9e4-0b78a2355a10/2023-directory-products-services-nz.pdf (last visited October 31, 2023)
[9] https://www.idexx.com/files/vcplus_release_02.08.2017.pdf (last visited October 31, 2023)
[10] https://www.idexx.com/files/vc-vcplus-user-guide.pdf (last visited October 31, 2023)

11.     It was later discovered that IDEXX included an algorithm in VC+ that automatically merged patient records with similarly named patients. For example, IDEXX's algorithm might locate and merge patients named "Stella Ball" and "Molly Ball" due to the shared last name and placement of double "L's" in the first name.

12.     The merger of patient records by VC+ resulted in VC+ misreporting test results on individual patients. In the example provided above, the test results for Stella might be reported for Molly. The treating veterinarian would then rely on an incorrect test result in making clinical decisions regarding a particular animal.

13.     The automatic merger of patient records was never disclosed to VC+ users. As such, veterinarian providers were unaware of the potential hidden dangers associated with VC+.

14.      For years, IDEXX has known about the particular issues associated with the automatic merger of patient records but considered the problem low priority due to the clientele affected. i.e., animal shelters, rescues, and zoos.

15.     IDEXX's algorithm, which automatically merged patient records without warning to VC+ users, caused veterinarians to misdiagnose pets due to inaccurate test results, which led to infectious disease outbreaks and patient death.

16.     IDEXX owed a duty to the Plaintiffs and Class Members to implement and maintain its software to perform in a reliable manner consistent with reasonable standards and specifications.

17.     IDEXX failed to adequately review its software bugs or service tickets to determine  whether software issues impacted the software's ability to perform in a reliable manner consistent with reasonable standards and specifications. As a result, IDEXX's software failed to relay to its customers accurate test results. This failure led to prolonged, patient isolation, unnecessary treatment, additional diagnostic testing, infectious disease outbreaks, and patient death.

18.     Plaintiffs and the Class Members paid for the IDEXX diagnostic tests and services and trusted IDEXX to accurately report diagnostic results for their animals.

19.     IDEXX's software failed to deliver accurate test results, which left Plaintiffs and Class Members deprived of the significant value of the product for which they paid.

20.     Plaintiffs and Class Members bring claims for breach of fiduciary duty, breach

of contract, breach of good faith and fair dealing, negligence, fraud, unjust enrichment, violations of California Unfair Competition Law, and violations of California False Advertising Law against Defendant as a result of Defendant's failure to implement and maintain its software, specifically, VC+, to perform in a reliable manner consistent with reasonable standards and specifications.

21. Plaintiffs and the Class Members by this action seek compensatory damages together with injunctive relief to remediate Defendant's failures.

## II. JURISDICTION AND VENUE

22. This Court has jurisdiction over this matter in that Defendant routinely transacts business in Los Angeles County.

23. Venue in this Court is proper pursuant to Code of Civil Procedure Section 395 and 395.5, Business & Professions Code § 17203, 17204, and Civil Code §1780(c) because Defendants do business and a substantial number of the events or omissions giving rise to the claims at issue in this Complaint arose in Los Angeles. The Plaintiffs reside in Los Angeles County; thus, venue in Los Angeles is proper.

## III. PARTIES

23. Plaintiffs are entities or individuals who have purchased diagnostic testing services from veterinarians who used IDEXX Distribution, Inc. for such services and obtained results of those tests using the VC+ software.

24. IDEXX Distribution, Inc. ("Defendant" or "IDEXX") is a corporation existing under the laws of the state of Massachusetts with its principal place of business located at One IDEXX Drive, Westbrook, Maine 04092.

25. Defendant regularly conducts business throughout this District, the State of California, and the United States.

## IV. FACTUAL ALLEGATIONS

26. IDEXX is a medical devices company, focused on developing, manufacturing and distribution of products and provides services for the companion animal veterinary, poultry and livestock, dairy, and water testing markets. The company offers point-of-care veterinary diagnostic products, microbiological contaminant testing products (in water), livestock, and poultry diagnostic and health-monitoring products, laboratory diagnostic instruments, rapid assay test kits, veterinary reference laboratory diagnostics and consulting services, and practice

management and diagnostic imaging systems and services. Additionally, it offers human medical point-of-care and laboratory diagnostics.[11]

27.    The Company distributes products directly and through a network of distributors and resellers throughout the United States, Africa, Asia, Pacific, Canada, Europe, the Middle East, and Latin America.

28.    Defendant's research and development activities in the Companion Animal Group (CAG) segment focus on the development and introduction of new products, services, and technologies to provide veterinarians with diagnostic tools to support advanced medical care and information management solutions.

## V.    PLAINTIFF-SPECIFIC ALLEGATIONS

### *Plaintiff Labelle Foundation*

29.    Plaintiff The Labelle Foundation, Inc. ("Labelle") is a California nonprofit corporation with its place of business in Los Angeles, CA. Eloise is a 501(c)(3) charitable organization that performs animal rescue, fostering, and placement services in the Los Angeles area.

30.    Many of the animals Labelle works with have been abused or denied routine medical care. Before an animal can be placed for adoption, it must be thoroughly evaluated by a veterinarian for disease and injury. Labelle pays for these evaluations for every animal it deals with.

31.    In pursuing its mission to find homes for dogs, Labelle relies on private donations and placement fees to pay for veterinary care for animals. Placement fees for dogs it places for adoption average between $500 and $750 per dog. However, the average cost of routine, pre-adoption veterinary care is over $1,200 per dog. The difference is paid for through private donations.

32.    When Labelle rescues a dog, it asks a veterinarian to evaluate the animal's health. Such evaluation includes testing for infectious disease. Labelle's preferred veterinary provider, Animal Treatment and Surgical Center ("ATSC"), uses IDEXX for its testing and retrieves test results using the VC+ software. IDEXX's charges for the testing are passed through to Labelle by ATSC and paid for by Labelle.

---

[11] https://www.globaldata.com/company-profile/idexx-laboratories-inc/ (last visited October 26, 2023).

33. The accuracy of the diagnostic tests performed on the animals Labelle seeks to place for adoption is critical in determining what treatment, if any, is required for the animal. Labelle relies on the test results in representing to adoption candidates the health of the animal.

34. Labelle handles about 100 pet adoptions per month. As a result, Labelle spends hundreds of thousands of dollars every year on animal evaluations. A bulk of that amount is spent on diagnostic testing, such as that performed by IDEXX.

35. In August 2023, ATSC began to question the integrity of the test results it was receiving from IDEXX through VC+. Upon further research, ATSC learned of the problem with the VC+ software–the automatic merging of patient files and the reporting inaccurate results. ATSC reported its concerns to IDEXX and disclosed its concerns to its customers, like Labelle.

36. Over the past few years, Labelle has had dozens of situations in which it believes the test results reported through VC+ did not correlate with clinical observations made by veterinarians. Nonetheless, because of applicable professional standards, final diagnosis and treatment decisions are made in reliance on the test results.

37. If an animal reportedly tests positive for a disease, such as distemper or parvovirus, Labelle pays for the appropriate treatment, which often includes specialized boarding and veterinary care with a veterinary provider. Such care often costs thousands of dollars. Then, after the course of treatment, the animal must be retested to ensure it is disease-free.

38. On the other hand, if a test result is reported as being negative, Labelle has relied on that result to place the animal in a new home. At least one adoptive family has complained about receiving a dog from Labelle that was ill. Because that animal was young at the time it was adopted, it was not yet fully vaccinated, so it is impossible to determine if the animal was infected when it was placed or became infected later.

39. Because of the erroneous test results reported through the VC+ software, Labelle believes that it has needlessly spent tens of thousands of dollars on repeat tests and treatment of animals. It has also lost pets that were not diagnosed or misdiagnosed because of the erroneous results.

40. Because of the number of errors which have occurred in the reporting of IDEXX test results through VC+, Labelle can no longer trust the test results it pays for and has

therefore curtailed its fostering and placement services. It cannot, in good conscience, represent to prospective adopters that an animal is healthy when it knows the tests results from IDEXX are not reliable. As a result, it has had to turn away animals that need a loving home, which, in the past, it would have accepted for fostering and placement.

### Plaintiff Eloise Rescue

41.     Plaintiff Eloise Rescue ("Eloise") is a California nonprofit corporation with its place of business in Los Angeles, CA. Eloise is a 501(c)(3) charitable organization that performs animal rescue and placement services in the Los Angeles area.

42.     As part of its mission, when Eloise accepts a rescue animal, it has the animal examined by a veterinarian and asks that thorough testing be performed on the animal, including blood tests for contagious diseases.

43.     Eloise relies on private donations and placement fees to fund its operations, including paying for veterinary care for animals.

44.     Eloise relies on the results of the veterinarian's examination and test results in advertising the animal for placement with an adoptive family. Eloise does not place animals for adoption if the animal is not disease-free.

45.     If blood tests for an animal indicate the presence of disease, such as distemper or parvovirus, Eloise has the animal treated for the disease before placement in an adoptive home.

46.     When Eloise rescues a dog, it has a veterinary hospital evaluate the animal's health. Such evaluation includes testing for infectious disease. At all relevant times, Eloise's preferred veterinary provider, ATSC, used IDEXX for its testing and retrieved test results using the VC+ software. IDEXX's charges for performing the testing are passed through to Eloise by ATSC and paid for by Eloise.

47.     As with Labelle, ATSC disclosed to Eloise its concerns about the accuracy of test results received through VC+.

48.     Eloise suspects at least three instances when VC+ relayed erroneous test information regarding animals Eloise had rescued and tested.

49.     In one instance, a dog was tested for distemper. The test was returned by VC+ as being positive for distemper.

50.     In accordance with its standard practice, and even though the animal did not present the usual symptoms for distemper, Eloise had its provider treat the animal for the

disease. The treatment required isolation of the dog at the provider's facility and professional treatment costing hundreds, if not thousands, of dollars.

51.     After treatment, the provider performed another test for distemper. This second test was returned by IDEXX's VC+ software as negative for distemper.

52.     Eloise then elected to have the dog tested a third time for distemper. This third test was again positive even though the animal did not present symptoms for the disease.

53.     Eloise believes that the animal was never actually infected with distemper and that the treatment and additional testing it paid for was completely unnecessary.

54.     A second dog Eloise had evaluated was initially reported through VC+ as having tested negative for distemper.

55.     When the animal started to show signs of illness, Eloise had the animal tested again. The second test result reported through VC+ was positive for distemper. That dog died shortly after the test results were reported.

56.     Elosie believes that the animal was infected with distemper at the time of the first  test and VC+ misreported those test results.

57.     A third dog Eloise had evaluated was initially reported through VC+ as having tested negative for giardia, an intestinal disease caused by a parasite.

58.     Relying on the negative test result, Eloise placed the animal with an adoptive family.

59.     The animal subsequently tested positive for giardia, which required the adoptive family to treat the animal for the disease.

60.     Because of the number of errors which have occurred in the reporting of IDEXX test results through VC+, Eloise can no longer trust the test results it pays for and has therefore curtailed its operations. It cannot, in good conscience, represent to prospective adopters that an animal is healthy when it knows the tests results from IDEXX are not reliable.

### *Plaintiff 4-Paws Kiddo Rescue*

61.     Plaintiff 4 Paws Kiddo Rescue ("4 Paws") is a 501(c)(3) charitable organization with its place of business in Los Angeles, CA. 4 Paws is dedicated to helping dogs in need of socialization and medical care get assistance and care, and then help them to find healthy, permanent homes.

62.     4 Paws relies on private donations and placement fees to fund its operations,

including paying for veterinary care for animals.

63.     4 Paws relies on the results of the veterinarian's examination and test results in advertising the animal for placement with an adoptive family. 4 Paws does not place animals for adoption if the animal is not disease-free.

64.     If blood tests for an animal indicate the presence of disease, such as distemper or parvovirus, 4 Paws has the animal treated for the disease before placement in an adoptive home.

65.     4 Paws's preferred veterinary provider, ATSC, used IDEXX for its testing and retrieved test results using the VC+ software. IDEXX's charges for performing the testing are passed through to 4 Paws ATSC and paid for by 4 Paws.

66.     As with its other customers, ATSC disclosed to Eloise its concerns about the accuracy of test results received through VC+.

67.     4 Paws suspects at least one instance when VC+ relayed erroneous test information regarding animals 4 Paws had rescued and tested.

68.     4 Paws took three dogs to its veterinarian for testing. The animals had been together at 4 Paws's facility and remained boarded together at the veterinarian's facility. All three dogs were tested at the same time. VC+ reported the tests of two of the dogs as negative for distemper. One of the dogs, however, tested positive for distemper.

69.     Per standard care protocols, the dog that tested positive was isolated and treated for distemper. The dog was treated for three weeks and was again tested for distemper. The second test was reported by VC+ as being negative.

70.     At no time prior to or after VC+ reported the positive test result did the dog ever display any symptoms of distemper.

71.     The veterinarian care provided to the dog cost 4 Paws between approximately $2,500 and $3,000.

72.     4 Paws eventually placed the dog in a permanent home, however, because of the conflicting test results and the known error in VC+, it cannot be certain whether the dog is actually disease-free.

73.     Because of the number of errors which have occurred in the reporting of IDEXX test results through VC+, 4 Paws can no longer trust the test results it pays for and has therefore curtailed its operations. It cannot, in good conscience, represent to prospective adopters that an

animal is healthy when it knows the tests results from IDEXX are not reliable.

***Plaintiff Animaldefenseresecue.org***

74.     Animaldefenserescue.org ("ADR.org") is a 501(c)(3) charitable organization with its place of business in Eastsound, WA. ADR.org is dedicated to saving dogs from high kill shelters in California, assuring a thorough exam and procedures at a veterinary clinic in California before placing them in permanent homes, primarily in the greater Seattle area.

75.     ADR.org is a small rescue shelter small 501(c)(3) rescue organization that is operated entirely and single-handedly by a single volunteer, its founder, Annette Bowman. ADR.org is funded, in part, by placement fees for adopted dogs and some smaller private donations. However, most of ADR.org's operations are funded by Ms. Bowman out of her own pocket since 2011 when she founded ADR.org.

76.     All dogs that ADR.org adopts out are spayed or neutered and microchipped. ADR.org ensures that each dog has all bloodwork done, including testing for disease, and ensures all its dogs are fully vaccinated.

77.     ATSC provided ADR.org with veterinary services for some of its animals and used IDEXX for its testing and retrieved test results using the VC+ software. IDEXX's charges for performing the testing are passed through to ADR.org by ATSC and paid for by ADR.org.

78.     ADR.org suspects at least two instances when dogs rescued by ADR.org were affected by erroneous test information relayed through VC+.

79.     ADR.org rescued two dogs in the greater Los Angeles area. At the time, the dogs were, in fact, ill with upper respiratory pneumonia. ADR.org had its veterinarian treat the dogs for their illnesses. The dogs responded well to treatment and their conditions improved, however, the animals then relapsed without apparent reason.

80.     ADR.org believes the dogs were reinfected by other animals whose IDEXX test results were erroneously reported to the provider.

81.     As a result, ADR.org paid thousands of dollars in treatment and quarantine boarding for the animals. It also paid for numerous rounds of testing for the animals, only to realize recently that test results reported to its provider through VC+ were untrustworthy.

82.     Because of the number of errors which have occurred in the reporting of IDEXX test results through VC+, ADR.org can no longer trust the test results it pays for and has therefore curtailed its operations. It cannot, in good conscience, represent to prospective

adopters that an animal is healthy when it knows the tests results from IDEXX are not reliable. This, in turn, has resulted in decreased revenue from placements of animals in permanent homes.

### *Plaintiff Lisa Ritz*

83.    Lisa Ritz ("Ritz") is an animal lover who has volunteered as an animal rescuer in Los Angeles, CA for several years. In the course of her rescue work, Ritz obtained medical care for rescued dogs and cats, which care has included testing for disease.

84.    Ritz often had ATSC provide care for her animals, and ATSC used IDEXX for its testing and retrieved test results using the VC+ software. IDEXX's charges for performing the testing are passed through to Ritz by ATSC and paid for by Ritz.

85.    Ritz suspects at least two instances when VC+ relayed erroneous test information regarding cats Ritz had rescued and tested for infectious disease. VC+ reported the tests of both cats as being negative for distemper, but the animals soon developed symptoms of the diseases and died.

86.    Because of the number of errors which have occurred in the reporting of IDEXX test results through VC+, Ritz can no longer trust the test results it pays for and has therefore curtailed her efforts. She cannot, in good conscience, represent to prospective adopters that an animal is healthy when it knows the tests results from IDEXX are not reliable.

87.    Moreover, Ritz now fears that she might have unknowingly placed sick animals into homes after representing to the adopting family that the animal tested negative for disease. Such an error could introduce disease to other animals in that home. In either event, Ritz fears that should could be held liable for the error.

### VI.    CLASS ALLEGATIONS

88.    Plaintiffs bring this action pursuant to Code of Civil Procedure section 382 on behalf of itself and a Class defined as follows:

> *Class*: All persons in the United States 1) who paid veterinary providers
> for IDEXX laboratory tests between Four years prior to the filing of the
> Complaint, through the date of class certification, and 2) those providers
> used VetConnect Plus to obtain the results related to those tests.

*California Subclass*: All persons in the Class who obtained such tests in the State of California.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

89.    Plaintiffs reserve the right to amend the Class definitions and to add sub-classes as appropriate if discovery and further investigation reveal that the Class should be expanded, otherwise divided into sub-classes, or modified in any way.

90.    **Numerosity**: Joinder of all members of the Class is impractical because approximately 50,000 veterinarian providers use IDEXX's products and services, and those veterinarian providers services hundreds of thousands of customers, including thousands of animal rescue organizations, shelters, and zoos. Plaintiffs reasonably estimate that there are tens of thousands of patient records throughout the United States that have been improperly merged due to IDEXX's faulty algorithm.

91.    **Commonality**. There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

      a. Whether Defendant intentionally or by way of gross negligence created an algorithm that produced unreliable and inaccurate records for all Class Members who obtained test results through VetConnect Plus;

      b. Whether Defendant misrepresented the quality of its VetConnect Plus product;

      c. Whether Defendant represented that its VetConnect Plus program had characteristics and benefits it did not have;

      d. Whether Class Members have been injured by Defendant's conduct;

e. Whether Plaintiffs and the Class are entitled to relief, and the amount and nature of such relief;

f. Whether Plaintiffs and the Class are entitled to injunctive relief;

g. Whether Defendant has engaged in unfair business practices in violation of California Unfair Competition Law (UCL), Cal. Bus. & Prof. Code, § 17200; and

h. Whether Defendant made untrue or misleading statements in the advertisement of its products and/or services in violation of California False Advertising Law (FAL), Cal. Bus. & Prof. Code, § 17500.

92. **Typicality**: Plaintiffs' claims are typical of the claims of other members of the Class, in that Plaintiffs and Class Members sustained damages arising out of the same acts and omissions of Defendant and their legal claims arise from the same IDEXX practices, as alleged herein.

93. **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiffs' claims are made in a representative capacity on behalf of the other members of the Class. Plaintiffs have no interests antagonistic to the interests of the other members of the Class and are subject to no unique defenses. Plaintiffs have retained competent counsel to prosecute the case on behalf of Plaintiff and the Class. Plaintiffs and Plaintiffs' counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

94. **Predominance**. Defendant has engaged in a common course of conduct toward Plaintiffs and Class members. The common issues arising from the Defendant's conduct affecting Class members set out above predominate over any individualized issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

95. **Superiority**: This case is appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small in comparison to the burden and expense of individual prosecutions of litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from

Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties and the court systems of many states and federal districts. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered, and uniformity of decisions ensured.

96. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward Class Members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect Class Members uniformly, and Plaintiff's challenge to those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

## VII. CAUSES OF ACTION
## COUNT I
### Negligence
### (On Behalf of Plaintiffs and the Class)

97. Plaintiffs incorporate all of the allegations contained in the preceding paragraphs as if fully set forth herein.

98. IDEXX owed Plaintiffs and Class Members a duty to produce, transfer, and/or store patient test results in a manner that maintained the integrity of those records and the accuracy of the test results.

99. Plaintiffs and Class Members had a reasonable expectation that reasonable care would be exercised in the production, transfer, and/or storage of patient test results in VC+.

100. Defendant had full knowledge of the types of harm that Plaintiffs and Class members could and would suffer if the integrity of patient test results was compromised.

101. Defendant knew or reasonably should have known that the failure to exercise due care in producing, transferring, and/or storing patient test results in VC+ involved an unreasonable risk of harm to Plaintiffs and Class members.

102.     Plaintiffs and Class Members were the foreseeable and probable victims due to the fact that it was their patient's records that IDEXX produced, transferred, and stored via VC+. Defendant knew or should have known of the inherent risks in automatically merging patient records based solely on similar names without notice to Plaintiffs and Class Members.

103.     Given that IDEXX produces, transfers, and stores patient records on behalf of Plaintiffs and Class Members, a foreseeable risk of harm to Plaintiffs and Class Members existed and exists.

104.     Plaintiffs and Class Members had no ability to prevent and/or detect the merging of patient records and had no indication that Defendant was failing to implement and maintain reasonable methods to protect the integrity of patient records.

105.     Defendant was in a position to protect against the harm suffered by Plaintiffs and Class Members but failed to do so.

106.     Defendant, through its actions and/or omissions, unlawfully breached its duties to Plaintiffs and Class Members by failing to implement and maintain reasonable methods to protect the integrity of patient records and accuracy of test results.

107.     Defendant, through its actions and/or omissions, unlawfully breached its duty to adequately and timely disclose to Plaintiffs, and Class Members the existence and scope of the errors associated with its algorithm.

108.     There is a close causal connection between Defendant's failure to produce, transfer, and store patient records of Plaintiffs and Class Members and the harm, or risk of imminent harm, suffered by Plaintiffs and Class Members.

109.     As a direct and proximate result of Defendant's numerous negligent acts and omissions, no member of the Class can guarantee the accuracy of patient test results.

110.     As a direct and proximate result of Defendant's numerous negligent acts and omissions, Plaintiffs and Class Members have suffered actual and concrete injuries and will suffer additional injuries in the future, including economic and non-economic damages.

111.     As a direct and proximate result of Defendant's negligence, Plaintiffs and Class members are entitled to recover actual and punitive damages.

///
///
///

## COUNT II

### Negligent Misrepresentation

### (On Behalf of Plaintiffs and the Class)

112.    Plaintiffs incorporate paragraphs 1–111 as if fully set forth herein.

113.    Defendant misrepresented to Plaintiffs and Class Members that it was providing accurate patient test results through its software application, VC+, when it was in fact improperly misplacing patient test results in the wrong files, thereby providing inaccurate patient test results.

114.    Defendant's representations were false and Defendant failed to exercise reasonable care in communicating patient test results to Plaintiffs and Class Members.

115.    Defendant was fully aware of the insufficiencies embedded in an algorithm it created and was further aware that the insufficiencies had the potential to provide inaccurate patient test results to Plaintiffs and Class Members.

116.    Plaintiffs and Class Members justifiably relied on Defendant's false information and were induced to obtain Defendant's products and services in reliance thereon.

117.    As a direct and proximate result of Defendant's numerous negligent acts and omissions, Plaintiffs and Class members have been substantially harmed because they purchased laboratory tests from IDEXX and received inaccurate results that led to infectious disease outbreaks and patient death.

118.    As a direct and proximate result of Defendant's negligent misrepresentation, Plaintiffs and Class Members are entitled to recover actual and punitive damages.

## COUNT III

### Fraud

### (On Behalf of Plaintiffs and the Class)

119.    Plaintiffs incorporate paragraphs 1–118 as if fully set forth herein.

120.    Defendant misrepresented to Plaintiffs and Class Members that it was providing accurate patient test results through its software application, VC+, when it was in fact improperly misplacing patient test results in the wrong files, thereby providing inaccurate patient test results.

121.    Defendant was fully aware of the insufficiencies embedded in an algorithm it created and was further aware that the insufficiencies had the potential to provide inaccurate

patient test results to Plaintiff and Class Members.

122. Defendant's misrepresentation and omissions were material. Plaintiffs and Class Members would not have purchased and used Defendant's products and services had they known that Defendant would provide inaccurate test results that would jeopardize their reputation in the community and place the animal population at risk for infectious disease and death.

123. Defendant intended to induce Plaintiffs and Class Members to rely on its misrepresentations and had reason to expect that Plaintiff and Class Members would rely on the misrepresentations that it made to them because of the continuous relationship between Defendant and the Class.

124. Plaintiffs and Class Members reasonably relied upon the representations Defendant made while placing laboratory test orders on behalf of its patients and clients.

125. Plaintiff and Class Members were justified in relying upon Defendant's representations that it would provide accurate test results because Defendant advertised itself as a "global leader in pet healthcare innovation" who provided support to more than 50,000 veterinary practices.

126. Plaintiff and Class Members have been substantially harmed because they purchased laboratory tests from IDEXX and received inaccurate results that led to infectious disease outbreaks and patient death.

127. As a direct and proximate result of Defendant's fraudulent misrepresentation, Plaintiffs and Class Members are entitled to recover actual and punitive damages.

## COUNT IV

### Unjust Enrichment

### (On Behalf of Plaintiffs and the Class)

128. Plaintiffs repeat and reallege paragraphs 1–127 as if fully set forth herein.

129. Defendant knew that the accuracy of test results was a material fact to consumers, including Plaintiffs and Class Members.

130. Because Defendants are responsible for, and control, the production, transfer, and storage of test results, Defendants knew and intended that their omissions and concealment of the potential for reporting inaccurate test results would mislead Plaintiffs and Class Members, and induce them to use, sign up for, and /or buy products and services that they

would otherwise not have been willing to purchase.

131.　Acting as reasonable consumers, had Plaintiffs and Class Members been aware of the true facts regarding Defendant's deficient and unreasonable data practices, they would have declined to purchase and/or subscribe to Defendants' services.

132.　Acting as reasonable consumers, Plaintiffs and Class Members could not have avoided the injuries suffered by Defendant's unlawful and unreasonable conduct.

133.　A benefit was conferred upon Defendant by payment for its laboratory tests with the understanding that Defendant would implement and maintain reasonable methods to produce, transfer, and/or store patient test results. Plaintiffs and Class Members should have received accurate and reliable test results from the Defendant.

134.　Defendant knew Plaintiffs and Class Members conferred a benefit which Defendant accepted. Defendant profited from these transactions and appreciated the benefits.

135.　Defendant failed to provide reasonable production, transfer, and storage of Plaintiffs and Class Members' patient records.

136.　Defendant should not be permitted to retain money rightfully belonging to Plaintiffs and Class Members, because Defendant failed to implement reasonable methods to produce, transfer, and/or store patient test results.

137.　Defendant accepted and wrongfully retained these benefits to the detriment of Plaintiffs and Class members.

138.　Defendant's enrichment at the expense of Plaintiffs and Class members is and was unjust.

139.　As a result of Defendant's wrongful conduct, as alleged above, Plaintiffs and Class members seek restitution of their money paid for laboratory tests and disgorgement of all profits, benefits, imposition of a constructive trust, and other compensation obtained by Defendant, plus attorneys' fees, costs, and interest thereon.

<u>**COUNT V**</u>

**Unlawful Business Practices in Violation of Cal. Bus. & Prof. Code § 17200, *et seq*.**

**(On Behalf of Plaintiff and the California Sub-Class)**

140.　Plaintiffs repeat and reallege paragraphs 1–139 as if fully set forth herein.

141.　The Cal. Bus. & Prof. Code §§ 17200, et seq., provides that "unfair competition shall mean and include any unlawful, unfair or deceptive business act or practice and unfair,

deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) as Part 3 of Division 7 of the Business and Professions Code.

142. Plaintiffs and Class Members have suffered injury in fact and have lost money as a result of Defendant's actions as set forth herein. Specifically, prior to the filing of this action, Plaintiffs and Class Members purchased laboratory tests from IDEXX who unfairly, unlawfully, deceptively, and misleadingly represented its capability to provide accurate, reliable, and definitive test results. Despite its representations, IDEXX delivered unreliable and inaccurate test results with catastrophic consequences. Therefore, Defendant's representations are likely to mislead and deceive consumers who read and rely upon the material representations that its products and services "create clarity" and provide resources for "effective clinical decision-making." Reasonable consumers such as the Plaintiffs and Class Members interpret terms like "effective," "accurate," "reliable," and "definitive" to mean that the information is correct, exact, and free from error. However, IDEXX delivered products and services that were riddled with error.

143. In its marketing and advertising, Defendant makes false and misleading statements regarding the uses and benefits of its products and services.

144. The misrepresentations by Defendant are material facts and constitute an unlawful business practice in violation of sections Cal. Bus. & Prof. Code §§ 17200, *et seq*.

145. Plaintiffs and Class Members were misled and the misrepresentations and omissions were uniform and material.

146. Pursuant to Business and Professions Code § 17203, Plaintiffs and Class members seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of advertising the sale and use of VC+. Additionally, Plaintiffs and Class Members request an order awarding restitution of the money wrongfully acquired by Defendant by means of responsibility attached to Defendant's failure to disclose the existence and significance of said misrepresentations.

147. Plaintiffs and Class Members have suffered injury in fact and have lost money as a result of Defendant's false representations.

///
///
///

## COUNT VI

**False and Misleading Advertising in Violation of Cal. Bus. & Prof. Code §§ 17500 *et seq.***

**(On Behalf of Plaintiffs and the California Sub-Class)**

148.    Plaintiffs repeat and reallege paragraphs 1–147 as if fully set forth herein.

149.    This cause of action is brought pursuant to Business & Professions Code §§ 17500 *et seq.*

150.    Business & Professions Code § 17500 provides that it is unlawful for any person or corporation, or any employee thereof "with intent directly or indirectly to dispose of real or personal property … or to induce the public to enter into any obligation relating thereto, to make or disseminate of cause to be made or disseminated before the public in this state, or to make of disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement, concerning that real or personal property … or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading …"

151.    In its advertising, Defendants makes false misleading statements that its products and services are accurate, reliable, effective, and definitive.

152.    Plaintiffs and Class Members purchased and used Defendant's products and services that Defendant unfairly, unlawfully, deceptively, and misleadingly represented to be accurate, reliable, effective, and definitive. Despite its representations, IDEXX delivered unreliable and inaccurate test results with catastrophic consequences. Therefore, Defendant's representations are likely to mislead and deceive consumers who read and rely upon the material representations that its products and services "create clarity" and provide resources for "effective clinical decision-making." Reasonable consumers such as the Plaintiffs and Class Members interpret terms like "effective," "accurate," "reliable," and "definitive" to mean that the information is correct, exact, and free from error. However, IDEXX delivered products and services that were riddled with error.

153. Defendant engaged in the deceptive conduct alleged above, which included deceptive and untrue representations regarding its products and services, made to induce the public to purchase its products and services.

154. In its marketing and advertising, Defendant makes knowingly false and misleading statements regarding the characteristics, uses, and benefits of its products and services.

155. Defendant is aware that the claims that it makes about its products and services are false and misleading.

156. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

157. Plaintiffs and Class Members were misled into purchasing products and services by Defendant's deceptive conduct as alleged.

158. Plaintiffs and Class Members were misled and the misrepresentations and omissions were uniform and material.

159. Pursuant to Business & Professions Code §§ 17203 and 17535, Plaintiffs and Class members seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of advertising the sale and use of VC+. Additionally, Plaintiffs and Class Members request an order awarding restitution of the money wrongfully acquired by Defendant by means of responsibility attached to Defendant's failure to disclose the existence and significance of said misrepresentations.

160. Plaintiffs and Class Members have suffered injury in fact and have lost money as a result of Defendant's false representations.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiffs, individually and on behalf of the Class, request that the Court:

A. That the Court finds that this action satisfies the prerequisites for maintenance as a class action and certifying the Class defined herein;

B. That the Court appoint Plaintiffs as representatives of the Class;

C. That the Court appoint Plaintiffs' counsel as counsel for the Class;

D. That the Court enter judgment in favor of Plaintiffs and the Class against IDEXX;

E. That the Court award Plaintiffs and the other Class Members actual damages and all other forms of available relief, as applicable;

F. That the Court award Plaintiffs and the Class attorney's fees and costs, including interest thereon as allowed or required by law

G. That the Court enter an injunction requiring Defendant to adopt, implement, and maintain adequate measures to protect the integrity of patient records and its testing process;

H. That the Court Award Plaintiffs and Class Members pre- and post-judgment interest, to the extent allowable; and

I. Granting all such further and other relief as the Court deems just and appropriate.


Respectfully Submitted

By: _____

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.

Alisa R. Adams (California Bar # 277697)
The Dann Law Firm
26100 Towne Centre Dr
Foothill Ranch, CA 92610-3442
Telephone: (949) 200-8755
Facsimile: (866) 843-8308
notices@dannlaw.com
aadams@dannlaw.com

Marc E. Dann (OH 0039425)*
Brian D. Flick (OH 0081605)*
DannLaw
15000 Madison Avenue
Cleveland, OH 44107
(216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com

*Pro Hac Vice Applications Anticipated

*Counsel for Plaintiff and the Putative Class*

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

By: _____

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
*Co-Counsel for Plaintiff and Putative Class*

SUM-100

# SUMMONS
## *(CITATION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/05/2024 2:27 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
IDEXX LABORATORIES, INC.; DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
THE LABELLE FOUNDATION, INC., ELOISE RESCUE, 4 PAWS KIDDO RESCUE, ANIMALDEFENSERESCUE.ORG,
WESTSIDE GERMAN SHEPHERD RESCUE OF LOS ANGELES, INC., AND LISA RITZ,
individually and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of Los Angeles<br><br>111 North Hill Street Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**24STCV00360** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman,Law Offices of Todd M. Friedman,P.C.,21031 Ventura Blvd.,Suite 340, Woodland Hills, CA 91364,323-306-4234

| DATE:<br>*(Fecha)* 01/05/2024 | Clerk, by David W. Slayton, Executive Officer/Clerk of Court<br>*(Secretario)* J. Nunez | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov



# Superior Court of California, County of Los Angeles

<div style="border: 1px solid black; background: #d9d9d9; padding: 10px;">

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

</div>

## What is ADR?
ADR helps people find solutions to their legal disputes without going to trial.  The main types of ADR are negotiation, mediation, arbitration, and settlement conferences.  When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR).  These alternatives to litigation and trial are described below.

## Advantages of ADR
- **Saves Time:**  ADR is faster than going to trial.
- **Saves Money:**  Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties):  Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR
- **Costs:**  If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:**  ADR does not provide a public trial or decision by a judge or jury.

## Main Types of ADR
1. **Negotiation:**  Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial.  If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:**  In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome.  Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.**  They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
_____ )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all

documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los

Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex

Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).)

All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the

following:

1) DEFINITIONS

   a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to

      quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling

      portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"** A transaction through the electronic service provider for submission

      of documents to the Court for processing which may contain one or more PDF documents

      attached.

   d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a

      document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

  a) Trial Court Records

    Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

  b) Represented Litigants

    Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

  c) Public Notice

    The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

i)  Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii)  Bonds/Undertaking documents;

iii)  Trial and Evidentiary Hearing Exhibits

iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v)  Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image**.**

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

    i) Depositions;

    ii) Declarations;

    iii) Exhibits (including exhibits to declarations);

    iv) Transcripts (including excerpts within transcripts);

    v) Points and Authorities;

    vi) Citations; and

    vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

1  11) SIGNATURES ON ELECTRONIC FILING

2  For purposes of this General Order, all electronic filings must be in compliance with California

3  Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4  Division of the Los Angeles County Superior Court.

5

6  This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10  DATED: May 3, 2019                

                                     KEVIN C. BRAZILE

11

12                                   Presiding Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>01/05/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ J. Nunez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>24STCV00360 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Kenneth R. Freeman | 14 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 01/05/2024
   (Date)

David W. Slayton, Executive Officer / Clerk of Court

By J. Nunez _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

LACIV 190 (Rev 6/18)
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:       FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
<div style="text-align:center">(INSERT DATE)       (INSERT DATE)</div>
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

> _____

<div style="text-align:center">(TYPE OR PRINT NAME)      (ATTORNEY FOR PLAINTIFF)</div>

Date: _____

> _____

<div style="text-align:center">(TYPE OR PRINT NAME)      (ATTORNEY FOR DEFENDANT)</div>

Date: _____

> _____

<div style="text-align:center">(TYPE OR PRINT NAME)      (ATTORNEY FOR DEFENDANT)</div>

Date: _____

> _____

<div style="text-align:center">(TYPE OR PRINT NAME)      (ATTORNEY FOR DEFENDANT)</div>

Date: _____

> _____

<div style="text-align:center">(TYPE OR PRINT NAME)      (ATTORNEY FOR _____)</div>

Date: _____

> _____

<div style="text-align:center">(TYPE OR PRINT NAME)      (ATTORNEY FOR _____)</div>

Date: _____

> _____

<div style="text-align:center">(TYPE OR PRINT NAME)      (ATTORNEY FOR _____)</div>

| Print | Save | Clear |
|---|---|---|

<table>
<tr>
<td colspan="2">NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:</td>
<td>STATE BAR NUMBER</td>
<td>Reserved for Clerk's File Stamp</td>
</tr>
<tr>
<td colspan="2">TELEPHONE NO.:         FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):</td>
<td></td>
<td></td>
</tr>
</table>

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.  File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii.  Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.  Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

               (TYPE OR PRINT NAME)

➤ _____

               (ATTORNEY FOR PLAINTIFF)

Date: _____

               (TYPE OR PRINT NAME)

➤ _____

               (ATTORNEY FOR DEFENDANT)

Date: _____

               (TYPE OR PRINT NAME)

➤ _____

               (ATTORNEY FOR DEFENDANT)

Date: _____

               (TYPE OR PRINT NAME)

➤ _____

               (ATTORNEY FOR DEFENDANT)

Date: _____

               (TYPE OR PRINT NAME)

➤ _____

           (ATTORNEY FOR _____)

Date: _____

               (TYPE OR PRINT NAME)

➤ _____

           (ATTORNEY FOR _____)

Date: _____

               (TYPE OR PRINT NAME)

➤ _____

           (ATTORNEY FOR _____)

[ Print ]    [ Save ]                        [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐    Request for Informal Discovery Conference

   ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

---

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

| Print | Save | Clear |
|---|---|---|

<table>
<tr><td>NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:</td><td>STATE BAR NUMBER</td><td>Reserved for Clerk's File Stamp</td></tr>
</table>

TELEPHONE NO.:        FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine.  Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine.  In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions.  If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues.  For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference.  Each side's portion of the short joint statement of issues may not exceed three pages.  The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

Case 2:24-cv-01331-FLA-SK   Document 115   Filed 02/09/24   Page 56 of 87   Page ID #:188

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

**FILED**
LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK
*N. Navarro*
BY NANCY NAVARRO, DEPUTY

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re <br> Use of Voluntary Efficient Litigation <br> Stipulations <br><br> _____ | ORDER PURSUANT TO CCP 1054(a), <br> EXTENDING TIME TO RESPOND BY <br> 30 DAYS WHEN PARTIES AGREE <br> TO EARLY ORGANIZATIONAL <br> MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

1  by Code of Civil Procedure section 1054(a) without further need of a specific court

2  order.

3

4  DATED: _May 11, 2011_                _Carolyn B. Kuhl_

5                                       Carolyn B. Kuhl, Supervising Judge of the
                                        Civil Departments, Los Angeles Superior Court
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER PURSUANT TO CCP 1054(a)

# EXHIBIT 4

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| **Todd M. Friedman SBN 216752**<br>**Law Offices of Todd M. Friedman,PC**<br>**21031 Ventura Blvd. #340**<br>**Woodland Hills, CA 91364**<br><br>TELEPHONE NO.: **(323) 306-4236**  FAX NO. *(Optional):*<br><br> E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | **Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>**1/18/2024 9:54 AM**<br>**David W. Slayton,**<br>**Executive Officer/Clerk of Court,**<br>**By K. Valenzuela, Deputy Clerk** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - STANLEY MOSK (EFILING)<br> STREET ADDRESS: 111 N Hill St<br> MAILING ADDRESS: 111 N Hill St<br> CITY AND ZIP CODE: Los Angeles, CA 90012<br> BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - STANLEY MOSK (EFILING) | |
|---|---|
| PLAINTIFF/PETITIONER:  The Labelle Foundation, Inc.<br><br>DEFENDANT/RESPONDENT:  Idexx Laboratories, Inc. | CASE NUMBER:<br>24STCV00360 |
| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.: |

(Separate proof of service is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action. BY FAX

2. I served copies of: ***Summons, Complaint, Civil Case Cover Sheet and Addendum, Notice of Case Assignment, First Amended General Order, Alternative Dispute Resolution Information Package, Voluntary Efficient Litigation Stipulations, Order Pursuant to CCP 1054(a) ,***

3. a. Party served *(specify name of party as shown on documents served):* ***Idexx Laboratories, Inc.***

   b. [×] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):* **Debra Bildeau, Agent for service for CT Corporation System**

4. Address where the party was served: ***3 Chase Ave Augusta, ME 04330***

5. I served the party *(check proper box)*
   a. [×] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on*: **1/11/2024** (2) at: **02:51 PM**
   b. [ ] **by substituted service.** On*:  at:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:

**Page 1 of 3**

| PLAINTIFF/PETITIONER: The Labelle Foundation, Inc. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Idexx Laboratories, Inc. | 24STCV00360 |

on:                    from:                    or ☐  a declaration of mailing is attached.

(5) ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5.   c.   ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the
address shown in item 4, by first-class mail, postage prepaid,

(1) on:                                    (2)  from:

(3) ☐   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope
addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d.   ☐   **by other means** (*specify means of service and authorizing code section*):

☐  Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:
a.   ☐   as an individual defendant.
b.   ☐   as the person sued under the fictitious name of (*specify*):
c.   ☐   as occupant.
d.   ☒   On behalf of (*specify*): **Idexx Laboratories, Inc.**
under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.   **Person who served papers**
a.  Name: **Kevin Surette**
b.  Address: **P.O. Box 57, Litchfield, ME 04350**
c.  Telephone number: **909-664-9577**
d.  **The fee** for service was: **$212.50**
e.  I am:
(1) ☒   not a registered California process server.
(2) ☐   exempt from registration under Business and Professions Code section 22350(b).
(3) ☐   a registered California process server:
(i) ☐ owner   ☐ employee   ☒ independent contractor.
(ii) Registration No.:
(iii) County:

| PLAINTIFF/PETITIONER: | The Labelle Foundation, Inc. | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Idexx Laboratories, Inc. | 24STCV00360 |

8. [x] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Rapid**Legal®

Kevin Surette                    Date: **01/11/2024**

**PROOF OF SERVICE OF SUMMONS**

Invoice#: 8857098-02

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
|---|---|
| The Labelle Foundation, Inc., Eloise Rescue, 4 Paws Kiddo Rescue, Animaldefenserescue.org, Westside German Shepherd Rescue of Los Angeles, Inc., and Lisa Ritz, individually and on behalf of all others similarly situated | IDEXX Laboratories, Inc. |

| **(b) County of Residence of First Listed Plaintiff** Los Angeles, CA | **County of Residence of First Listed Defendant** Cumberland, Maine |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| **(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. | **Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|
| See attachment. | Munger, Tolles & Olson LLP<br>350 S Grand Ave<br>Los Angeles, CA 90071<br>(213) 683-9100 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multidistrict Litigation - Transfer

☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ Not specified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 1332(d) - Diversity of citizenship under the Class Action Fairness Act.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 835 Patent - Abbreviated New Drug Application |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **TORTS** | ☐ 535 Death Penalty | ☐ 880 Defend Trade Secrets Act of 2016 (DTSA) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | **PERSONAL PROPERTY** | **Other:** | |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☒ 370 Other Fraud | ☐ 540 Mandamus/Other | **SOCIAL SECURITY** |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 550 Civil Rights | ☐ 861 HIA (1395ff) |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 555 Prison Condition | ☐ 862 Black Lung (923) |
| ☐ 485 Telephone Consumer Protection Act | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 490 Cable/Sat TV | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | **BANKRUPTCY** | **FORFEITURE/PENALTY** | ☐ 864 SSID Title XVI |
| ☐ 850 Securities/Commodities/Exchange | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 865 RSI (405 (g)) |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 891 Agricultural Acts | ☐ 196 Franchise | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | **LABOR** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 440 Other Civil Rights | ☐ 710 Fair Labor Standards Act | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 895 Freedom of Info. Act | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 441 Voting | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 896 Arbitration | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 442 Employment | ☐ 740 Railway Labor Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury | ☐ 443 Housing/Accommodations | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | | | ☐ 445 American with Disabilities-Employment | ☐ 790 Other Labor Litigation | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 791 Employee Ret. Inc. Security Act | |
| | | | ☐ 448 Education | | |

**FOR OFFICE USE ONLY:**    Case Number:

| CV-71 (10/20) | CIVIL COVER SHEET | Page 1 of 3 |
|---|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE**:  Your answers to the questions below will determine the division of the Court to which this case will be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☒ Yes    ☐ No | ☒  Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no, " skip to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐  Orange | Southern |
| | ☐  Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?  *check one of the boxes to the right*  ➡ | ☐ YES.  Your case will initially be assigned to the Southern Division.  Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No | | ☐ NO.  Continue to Question B.2. |
| If "no," skip to Question C.  If "yes," answer Question B.1, at right. | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.)  *check one of the boxes to the right*  ➡ | ☐ YES.  Your case will initially be assigned to the Eastern Division.  Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Your case will initially be assigned to the Western Division.  Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?  *check one of the boxes to the right*  ➡ | ☐ YES.  Your case will initially be assigned to the Southern Division.  Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No | | ☐ NO.  Continue to Question C.2. |
| If "no," skip to Question D.  If "yes," answer Question C.1, at right. | **C.2.** Do 50% or more of the plaintiffs who reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.)  *check one of the boxes to the right*  ➡ | ☐ YES.  Your case will initially be assigned to the Eastern Division.  Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Your case will initially be assigned to the Western Division.  Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D:  Location of plaintiffs and defendants? | **A.** Orange County | **B.** Riverside or San Bernardino County | **C.** Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| **D.1.  Is there at least one answer in Column A?** | **D.2.  Is there at least one answer in Column B?** |
|---|---|
| ☐ Yes    ☒ No | ☐ Yes    ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the EASTERN DIVISION. |
| Enter "Southern" in response to Question E,  below, and continue from there. | Enter "Eastern" in response to Question E,  below. |
| If "no," go to question D2 to the right.  ➡ | If "no," your case will be assigned to the WESTERN DIVISION. |
| | Enter "Western" in response to Question E, below.  ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above:  ➡ | WESTERN |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes  ☒ No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?

☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**  /s/ Jeremy A. Lawrence           DATE:  February 9, 2024

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

**Attachment to Civil Case Cover Sheet: Attorneys Representing Plaintiffs**

Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: (323) 306-4234

DannLaw
15000 Madison Avenue
Cleveland, Ohio 44107
(216) 373-0539
(216) 373-0536

1  STUART N. SENATOR (State Bar No. 148009)
   stuart.senator@mto.com
2  JONATHAN E. ALTMAN (State Bar No. 170607)
   jonathan.altman@mto.com
3  MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue
4  Los Angeles, California 90071-3426
   Telephone:  (213) 683-9100
5  Facsimile:   (213) 687-3702

6  JEREMY A. LAWRENCE (State Bar No. 270866)
   jeremy.lawrence@mto.com
7  MUNGER, TOLLES & OLSON LLP
   560 Mission Street, Twenty-Seventh Floor
8  San Francisco, California 94105
   Telephone:  (415) 512-4000
9  Facsimile:   (415) 512-4077

10 Attorneys for Defendant IDEXX
   Laboratories, Inc.

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13

14 THE LABELLE FOUNDATION, INC.,          Case No. 2:24-cv-1131
15 ELOISE RESCUE, 4 PAWS KIDDO
   RESCUE,                                **FEDERAL RULE OF CIVIL**
16 ANIMALDEFENSERESCUE.ORG,               **PROCEDURE 7.1 DISCLOSURE**
   WESTSIDE GERMAN SHEPHERD               **STATEMENT AND CIVIL LOCAL**
17 RESCUE OF LOS ANGELES, INC.,           **RULE 7.1-1 NOTICE OF**
   and LISA RITZ, individually and on     **INTERESTED PARTIES**
18 behalf of all others similarly situated,

19              Plaintiffs,

20         vs.

21 IDEXX LABORATORIES, INC. ,

22              Defendant.

23

24         Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and Rule

25 7.1-1 of the Local Civil Rules, Defendant IDEXX Laboratories, Inc. hereby files its

26 corporate disclosure statement and notice of interested parties.  The undersigned,

27 counsel of record for Defendant IDEXX Laboratories, Inc., certifies that the

28 following listed parties may have a pecuniary interest in the outcome of the case.

1  These representations are made to enable the Court to evaluate possible

2  disqualification or recusal.

3         IDEXX Laboratories, Inc. is a publicly-traded Delaware corporation

4  with its principal place of business in Maine, and no parent company.  The

5  following publicly held corporations own ten percent or more of IDEXX's stock:

6         The Vanguard Group owns more than 10% of IDEXX's stock.

7         BlackRock, Inc. owns more than 10% of IDEXX's stock.

8  DATED:  February 9, 2024       MUNGER, TOLLES & OLSON LLP

9

10

11         By:      */s/ Jeremy A. Lawrence*

12         JEREMY A. LAWRENCE
       Attorneys for Defendant IDEXX

13         Laboratories, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISCLOSURE STATEMENT AND NOTICE OF INTERESTED PARTIES

Name and address:
Lauren E. Kuhn (SBN 343855)
lauren.kuhn@mto.com
Munger, Tolles & Olson LLP
350 S. Grand Ave. 50th Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| The Labelle Foundation, Inc., et al. | CASE NUMBER: |
|---|---|
| PLAINTIFF(S) | 2:24-cv-1131 |
| v. | |
| IDEXX Laboratories, Inc.; DOES 1 through 10, inclusive, | **NOTICE OF APPEARANCE OR WITHDRAWAL OF COUNSEL** |
| DEFENDANT(S) | |

### INSTRUCTIONS

*Appearance of Counsel*:

Attorneys may use this form to enter an appearance in a case, or to update the docket of a case to reflect a prior appearance. To do so, complete Sections I, II, and IV of this form, then file and serve the form in the case. (Using an attorney's CM/ECF login and password to file this form will expedite the addition of that attorney to the docket as counsel of record.)

*Withdrawal of Counsel*:

This form may be used to terminate an attorney's status as counsel of record for a party in three situations: (1) the attorney being terminated has already been relieved by the Court, but the docket does not yet reflect that fact; (2) at least one member of the attorney's firm or agency will continue to represent that party and the withdrawing attorney is not the only member of the Bar of this Court representing that party; or (3) the represented party has been dismissed from the case, but the attorneys are still receiving notices of electronic filing. For any of these situations, complete Sections I, III, and IV of this form, then file and serve the form in the case.

**_Note_:** *In situations not covered above, attorneys seeking to withdraw from a case must first obtain permission from the Court. In such circumstances, attorneys should complete and file a "Request for Approval of Substitution or Withdrawal of Counsel (Form G-01) rather than this "Notice of Appearance or Withdrawal of Counsel" (Form G-123). See Form G-01 for further information.*

### SECTION I - IDENTIFYING INFORMATION

*Please complete the following information for the attorney you wish to add or remove (if removing an attorney, provide the information as it <u>currently</u> appears on the docket; if appearing pro hac vice, enter "PHV" in the field for "CA Bar Number"):*

Name: Lauren Elisabeth Kuhn                          CA Bar Number: 343855

Firm or agency: Munger, Tolles & Olson LLP

Address: 350 S Grand Ave, 50th Floor, Los Angeles, CA 90071

Telephone Number: (213) 683-9222          Fax Number: (213) 687-3702

Email: lauren.kuhn@mto.com

Counsel of record for the following party or parties: Defendant IDEXX Laboratories, Inc.

## SECTION II - TO ADD AN ATTORNEY TO THE DOCKET

*Please select one of the following options:*

☐ The attorney listed above has already appeared as counsel of record in this case and should have been added to the docket. The date of the attorney's first appearance in this case: _____ .

☒ The filing of this form constitutes the first appearance in this case of the attorney listed above. Other members of this attorney's firm or agency have previously appeared in the case.

☐ The filing of this form constitutes the first appearance in this case of the attorney listed above. No other members of this attorney's firm or agency have previously appeared in the case.

☐ By order of the court dated _____ in case number _____ (see attached copy), the attorney listed above may appear in this case without applying for admission to practice *pro hac vice*.

☐ This case was transferred to this district by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to 28 U.S.C. § 1407 from the _____ District of _____, where it was assigned case number _____. The attorney listed above is counsel of record in this case in the transferee district, and is permitted by the rules of the JPML to continue to represent his or her client in this district without applying for admission to practice *pro hac vice* and without the appointment of local counsel.

☐ On _____, the attorney listed above was granted permission to appear in this case *pro hac vice* before the Bankruptcy Court, and L.Bankr.R. 8 authorizes the continuation of that representation in this case before the District Court.

*In addition, if this is a criminal case, please check the applicable box below. The attorney listed above is:*

☐ USAO  ☐ FPDO  ☐ CJA Appointment  ☐ Pro Bono  ☐ Retained

## SECTION III - TO REMOVE AN ATTORNEY FROM THE DOCKET

***Notices of Electronic Filing will be terminated***. *Please select one of the following options:*

☐ The attorney named above has already been relieved by the Court as counsel of record in this case and should have been removed from the docket. Date of the order relieving this attorney: _____.

☐ Please remove the attorney named above from the docket of this case; at least one member of the firm or agency named above, and at least one member of the Bar of this Court, will continue to serve as counsel of record for the party or parties indicated.
*(Note: if you are removing yourself from the docket of this case as a result of separating from a firm or agency, you should consult Local Rules 5-4.8.1 and 83-2.4 and Form G-06 ("Notice of Change of Attorney Business or Contact Information"), concerning your obligations to notify the Clerk and parties of changes in your business or contact information.)*

☐ The represented party has been dismissed from the case, but the attorneys are still receiving notices of electronic filing. Date party was dismissed: _____.

☐ The attorney named above was appointed on appeal and the appeal has been adjudicated. Date the mandate was filed: _____.

## SECTION IV - SIGNATURE

I request that the Clerk update the docket as indicated above.

Date: 2/9/2024 _____   Signature: /s/ Lauren E. Kuhn _____

Name: Lauren Kuhn _____

Name and address:
Lauren A. Bilow (State Bar No. 344970)
lauren.bilow@mto.com
Munger, Tolles & Olson LLP
350 South Grand Avenue
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| The Labelle Foundation, Inc., et al. | CASE NUMBER: |
|---|---|
| PLAINTIFF(S) | 2:24-cv-1131 |
| v. | |
| IDEXX Laboratories, Inc.; DOES 1 through 10, inclusive, | **NOTICE OF APPEARANCE OR WITHDRAWAL OF COUNSEL** |
| DEFENDANT(S) | |

## INSTRUCTIONS

*Appearance of Counsel*:

Attorneys may use this form to enter an appearance in a case, or to update the docket of a case to reflect a prior appearance. To do so, complete Sections I, II, and IV of this form, then file and serve the form in the case. (Using an attorney's CM/ECF login and password to file this form will expedite the addition of that attorney to the docket as counsel of record.)

*Withdrawal of Counsel*:

This form may be used to terminate an attorney's status as counsel of record for a party in three situations: (1) the attorney being terminated has already been relieved by the Court, but the docket does not yet reflect that fact; (2) at least one member of the attorney's firm or agency will continue to represent that party and the withdrawing attorney is not the only member of the Bar of this Court representing that party; or (3) the represented party has been dismissed from the case, but the attorneys are still receiving notices of electronic filing. For any of these situations, complete Sections I, III, and IV of this form, then file and serve the form in the case.

**_Note:_** *In situations not covered above, attorneys seeking to withdraw from a case must first obtain permission from the Court. In such circumstances, attorneys should complete and file a "Request for Approval of Substitution or Withdrawal of Counsel" (Form G-01) rather than this "Notice of Appearance or Withdrawal of Counsel" (Form G-123). See Form G-01 for further information.*

## SECTION I - IDENTIFYING INFORMATION

*Please complete the following information for the attorney you wish to add or remove (if removing an attorney, provide the information as it <u>currently</u> appears on the docket; if appearing pro hac vice, enter "PHV" in the field for "CA Bar Number"):*

Name: Lauren Bilow                                         CA Bar Number: 344970

Firm or agency:  Munger, Tolles & Olson LLP

Address:  350 South Grand Ave, 50th Floor, Los Angeles, CA 90071

Telephone Number:  213-683-9226                Fax Number:  213-687-3702

Email:  lauren.bilow@mto.com

Counsel of record for the following party or parties:  IDEXX Laboratories, Inc.

## SECTION II - TO ADD AN ATTORNEY TO THE DOCKET

*Please select one of the following options:*

☐ The attorney listed above has already appeared as counsel of record in this case and should have been added to the docket. The date of the attorney's first appearance in this case: _____ .

☒ The filing of this form constitutes the first appearance in this case of the attorney listed above. Other members of this attorney's firm or agency have previously appeared in the case.

☐ The filing of this form constitutes the first appearance in this case of the attorney listed above. No other members of this attorney's firm or agency have previously appeared in the case.

☐ By order of the court dated _____ in case number _____ (see attached copy), the attorney listed above may appear in this case without applying for admission to practice *pro hac vice.*

☐ This case was transferred to this district by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to 28 U.S.C. § 1407 from the _____ District of _____, where it was assigned case number _____. The attorney listed above is counsel of record in this case in the transferee district, and is permitted by the rules of the JPML to continue to represent his or her client in this district without applying for admission to practice *pro hac vice* and without the appointment of local counsel.

☐ On _____, the attorney listed above was granted permission to appear in this case *pro hac vice* before the Bankruptcy Court, and L.Bankr.R. 8 authorizes the continuation of that representation in this case before the District Court.

*In addition, if this is a criminal case, please check the applicable box below. The attorney listed above is:*

☐ USAO ☐ FPDO ☐ CJA Appointment ☐ Pro Bono ☐ Retained

## SECTION III - TO REMOVE AN ATTORNEY FROM THE DOCKET

***Notices of Electronic Filing will be terminated***. *Please select one of the following options:*

☐ The attorney named above has already been relieved by the Court as counsel of record in this case and should have been removed from the docket. Date of the order relieving this attorney: _____.

☐ Please remove the attorney named above from the docket of this case; at least one member of the firm or agency named above, and at least one member of the Bar of this Court, will continue to serve as counsel of record for the party or parties indicated.
  *(Note: if you are removing yourself from the docket of this case as a result of separating from a firm or agency, you should consult Local Rules 5-4.8.1 and 83-2.4 and Form G-06 ("Notice of Change of Attorney Business or Contact Information"), concerning your obligations to notify the Clerk and parties of changes in your business or contact information.)*

☐ The represented party has been dismissed from the case, but the attorneys are still receiving notices of electronic filing. Date party was dismissed: _____.

☐ The attorney named above was appointed on appeal and the appeal has been adjudicated. Date the mandate was filed: _____.

## SECTION IV - SIGNATURE

I request that the Clerk update the docket as indicated above.

Date: 02/09/2024

Signature: /s/ Lauren A. Bilow

Name: Lauren A. Bilow

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>**Branch Name:** Spring Street Courthouse<br>**Mailing Address:** 312 North Spring Street<br>**City, State and Zip Code:** Los Angeles CA 90012 | |
| **SHORT TITLE:** THE LABELLE FOUNDATION, INC., et al. vs IDEXX LABORATORIES, INC.<br><br>**NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | **CASE NUMBER:**<br>24STCV00360 |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of LOS ANGELES. In order to process the filing, the fee shown was assessed.

**Electronic Filing Summary Data**

Electronically Submitted By:  One Legal
Reference Number: 22211579
Submission Number: 24LA00240266
Court Received Date: 02/09/2024
Court Received Time: 4:33 pm
Case Number: 24STCV00360
Case Title: THE LABELLE FOUNDATION, INC., et al. vs IDEXX LABORATORIES, INC.
Location: Spring Street Courthouse
Case Type: Civil Unlimited
Case Category: Other Non-Personal Injury/Property Damage tort
Jurisdictional Amount: Over $35,000
Notice Generated Date: 02/13/2024
Notice Generated Time: 11:15 am

| **Documents Electronically Filed/Received** | **Status** |
|---|---|
| Notice of Removal to Federal Court | Accepted |
| Proof of Service (not Summons and Complaint) | Accepted |

**Comments**
Submitter's Comments:

Clerk's Comments:

**Electronic Filing Service Provider Information**
Service Provider: One Legal
Contact: One Legal

---

**NOTICE OF CONFIRMATION OF FILING**

Phone: (800) 938-8815

**Superior Court of California**

County of Los Angeles

,

**Receipt**        EFM-2024-7780456.1

**Date:**          2/13/24 11:16 AM
**Time:**          2/13/24 11:16 AM

CASE # 24STCV00360
THE LABELLE FOUNDATION, INC., et al. vs

Court Transaction Fee                    2.25

                    **Case Total:**          2.25


                    **Total Paid:**          2.25

24LA00240266