UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LABELLE FOUNDATION, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> IDEXX LABORATORIES, INC., *et al.*, <br><br> Defendants. | Case No. 2:24-cv-01131-FLA (SKx) <br><br> **ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT [DKT. 32]** |

# RULING

Before the court is Defendant IDEXX Laboratories, Inc.'s ("Defendant" or "IDEXX") Motion to Dismiss the First Amended Complaint ("Motion"). Dkt. 32 ("Mot.")  Plaintiffs The Labelle Foundation, Inc., Eloise Rescue, 4 Paws Kiddo Rescue, Animaldefenserescue.org, Westside German Shepherd Rescue of Los Angeles, Inc., and Lisa Ritz (collectively, "Plaintiffs") oppose the Motion. Dkt. 36 ("Opp'n").  On May 29, 2024, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for May 31, 2024. Dkt. 40; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court DENIES the Motion in its entirety.

1

# BACKGROUND

On February 9, 2024, Plaintiffs filed the Class Action Complaint in the Los Angeles County Superior Court. Dkt. 1-1 at 9–32.[1] That same day, Defendant removed the action to this court, alleging the existence of jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). Dkt. 1.

On March 22, 2024, Plaintiffs filed the operative First Amended Complaint ("FAC"), asserting five causes of action against Defendant for: (1) negligence; (2) negligent misrepresentation; (3) fraud; (4) violation of California Business and Professions Code § 17200, *et seq.* (the California Unfair Competition Law, "UCL"); and (5) violation of California Business and Professions Code § 17500 (the California False Advertising Law, "FAL"). Dkt. 27 ("FAC"). Plaintiffs plead the following facts in the FAC, which the court treats as true for purposes of the Motion. *See Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).

Defendant provides diagnostic and software products and services to veterinary practices worldwide, including the cloud-based veterinary software VetConnect Plus, which "allows its users to access test results, compare results to IDEXX Reference Laboratories, collaborate with referral practices in real time, and share client-friendly summaries with their customers." *Id.* ¶¶ 1, 5–6. VetConnect Plus contains an algorithm that may cause the program to merge patient records automatically and erroneously for patients with similar names, which Defendant refers to as the "matching issue." *Id.* ¶ 15. IDEXX did not disclose the matching issue to VetConnect Plus users, despite having known of the issue for years. *Id.* ¶¶ 17–19, 21.

Plaintiffs and putative Class Members purchased medical diagnostic services from IDEXX based on recommendations by veterinarians. *Id.* ¶¶ 21, 24. According to Plaintiffs, the matching issue resulted in VetConnect Plus misreporting test results

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

for individual animals, which caused veterinarians to misdiagnose animals and led to infectious disease outbreaks and patient death. *Id.* ¶¶ 16, 20, 25.

## DISCUSSION

### I. Legal Standard

Under Fed. R. Civ. P. 12(b)(6),[2] a party may file a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." The purpose of Rule 12(b)(6) is to enable defendants to challenge the legal sufficiency of the claims asserted in the complaint. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). A district court properly dismisses a claim under Rule 12(b)(6) if the complaint fails to allege sufficient facts "to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories." *Caltex*, 824 F.3d at 1159.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and brackets omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations and parentheticals omitted). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"

---

[2] All citations to a "Rule" shall be to the Federal Rules of Civil Procedure unless otherwise specified.

*Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

When evaluating a complaint under Rule 12(b)(6), the court "must accept all well-pleaded material facts as true and draw all reasonable inferences in favor of the plaintiff." *Caltex*, 824 F.3d at 1159. Legal conclusions "are not entitled to the assumption of truth" and "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. The court need not accept as true allegations that contradict matters properly subject to judicial notice or established by exhibits attached to the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.*

A court must normally convert a Rule 12(b)(6) motion into a motion for summary judgment under Fed. R. Civ. P. 56 if it considers evidence outside the pleadings. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

## II. Analysis

### A. Sufficiency of Harm Pleaded

Defendant contends the FAC fails to state sufficient facts to plead plausibly that Plaintiffs suffered harm caused by IDEXX. Mot. at 12–18. The court disagrees.

The FAC alleges the matching issue resulted in VetConnect Plus misreporting test results on individual patients to veterinarians, which caused veterinarians to make clinical decisions regarding animals based on incorrect information. FAC ¶¶ 15–16, 20. Each Plaintiff identifies specific circumstances where they believe the matching issue caused a misdiagnosis that resulted in either unnecessary treatment or lack of

4

treatment. *Id.* ¶¶ 48–60, 68–73, 78–81, 89–92, 95–97. At this stage of the proceedings, these allegations are sufficient for Plaintiffs to plead plausibly that they suffered harm proximately caused by IDEXX. The court, therefore, DENIES the Motion on this basis.

### B. Sufficiency of Fraud-Based Claims

Defendant contends Plaintiff's second through fifth causes of action fail because Plaintiffs do not plead actionable misrepresentations or omissions by IDEXX. Mot. at 20–23. Defendant additionally argues these claims fail for lack of reliance. *Id.* at 18–19.[3]

In California, the elements of a claim for fraud are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996) (quotation marks omitted). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.*

"[T]he elements of an action for fraud and deceit based on concealment are: (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage."

---

[3] Defendant does not present any arguments regarding the fourth and fifth causes of action for violation of the UCL and FAL that are separate and distinct from its arguments regarding Plaintiffs' other "fraud-based claims." *See* Mot. at 18–23. The court, therefore, limits its analysis to the issues raised by the parties and evaluates the sufficiency of these four claims jointly.

*Boschma v. Home Loan Center, Inc.*, 198 Cal. App. 4th 230, 248 (2011). California courts have recognized "four circumstances in which nondisclosure or concealment may constitute actionable fraud: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts." *Heliotis v. Schuman*, 181 Cal. App. 3d 646, 651 (1986); *see also Warner Constr. Corp. v. City of Los Angeles*, 2 Cal. 3d 285, 294 (1970).

Plaintiffs allege Defendant knew of the matching issue for years, but failed to warn veterinarians or correct the issue, and that this non-disclosure led to inaccurate test results, misdiagnoses, and harm to animals. FAC ¶¶ 17–21. Plaintiffs further allege they would not have agreed to purchase IDEXX's tests through the veterinarians had they known of the matching issue. *Id.* ¶¶ 21, 132. At this stage of the proceedings, Plaintiffs have pleaded sufficient facts to state misrepresentation claims based on Defendant's alleged (1) concealment of material facts that were exclusively available to IDEXX regarding the matching error, and (2) presentation of test results for individual patients through VetConnect Plus without informing Plaintiffs and their veterinarians that the results reported may be erroneous due to the existence of the matching issue. *See Warner*, 2 Cal. 3d at 294–95; *Dhital v. Nissan N. Am., Inc.*, 84 Cal. App. 5th 828, 844 (2022) (finding allegations a manufacturer intentionally concealed and failed to disclose information within the manufacturer's exclusive knowledge regarding defects to purchasers of the manufacturer's vehicles sufficient to support fraudulent concealment claims).

Defendant cites *Patt v. Antech Diagnostics, Inc.*, Case No. 8:18-cv-01689-JLS (DFMx), 2019 WL 6654078, at *2 (C.D. Cal. July 30, 2019), to argue that courts have dismissed fraudulent concealment/omission claims against veterinarians based on inaccurate test results. Mot. at 21. In *Patt*, 2019 WL 6654078, at *2, the plaintiffs

alleged a defendant laboratory "[did] not disclose and actively conceal[ed] the high level of incorrect lab results that it generate[d]." The *Patt* court held the plaintiffs failed to state an actionable omission claim because they failed to "sufficiently allege[] the 'fact' that [was] supposedly omitted, *i.e.*, the 'significant amount' or 'high level' of incorrect lab results provided by defendant." *Id.* at *7 ("The Complaint does not merely allege that a reasonable consumer would not enter a contract for Defendant's services knowing the possibility of *any* or a *de minimis* number of inaccuracies—as Plaintiffs' brief seems to imply. Rather, the Complaint indicates that a reasonable consumer would be misled by the Defendant's nondisclosure of some *significant* amount or *high* rate of error. The pleading, however, provides no indication of the error quantity or rate that Plaintiffs allege to be materially significant.").

      Unlike the vague and indefinite claims at issue in *Patt*, Plaintiffs here have pleaded that VetConnect Plus suffers from a specific error (the matching issue) that may cause diagnostic test results to be inaccurately reported, that Defendant had exclusive knowledge of the matching error, that Plaintiffs paid for and purchased diagnostic tests from Defendant through veterinarians, and that Plaintiffs and their animals were harmed by the matching issue and its non-disclosure. FAC ¶¶ 15–20, 24–25, 48–60, 68–73, 78–81, 89–92, 95–97. These allegations are sufficiently specific to state plausible misrepresentation claims.

      Accordingly, the court DENIES the Motion on these bases. Having found Plaintiffs have pleaded valid misrepresentation claims on a theory of concealment, the court need not address the parties' arguments regarding affirmative misrepresentations.

      **C.**    **Sufficiency of Plaintiffs' Negligence Claims**

      Defendant argues Plaintiffs' first and second causes of action for negligence and negligent misrepresentation fail because, "in the absence of physical harm, such … claim[s] by a third party may proceed only where the person allegedly making the

7

representation intends it to be 'for the benefit of one or more third parties in a specific transaction or type of transaction identified to' the person making the representation." Mot. at 25 (quoting *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 392 (1992)).

As stated, Plaintiffs allege they purchased and paid for diagnostic tests from IDEXX through their veterinarians, and that IDEXX provided test results to the veterinarians to allow them to diagnose Plaintiffs' animals. FAC ¶¶ 23, 32–34, 46, 66, 77, 88, 94, 127. These allegations are sufficient for Plaintiffs to plead they were the intended beneficiaries of these transactions. *See Bily*, 3 Cal. 4th at 392–93 ("[A] supplier of information is liable for negligence to a third party only if he or she intends to supply the information for the benefit of one or more third parties in a specific transaction or type of transaction identified to the supplier.").[4] The court, therefore, DENIES the Motion on this basis.

### D.  Economic Loss Rule

"Economic loss consists of damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits—without any claim of personal injury or damages to other property." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004) (quotation marks and citation omitted). "Where a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only 'economic' losses." *Id.* (brackets, quotation marks, and citation omitted). "The

---

[4] Defendant contends "IDEXX's terms of service expressly tell veterinarians, '[a]ny reference laboratory results displayed through the VetConnect Plus Service … will be in a simplified report format and a full test report will continue to be available to you for all analyses received by IDEXX.'" Mot at 25 (brackets in original). According to Defendant, "every veterinarian should know that they should not blindly accept any suggested match for a particular test result—let alone make a diagnosis solely on the basis of that result." *Id.* at 26. Defendant's arguments regarding what "every veterinarian should know" are conclusory and not properly the subject of a Rule 12(b)(6) motion. *See Caltex*, 824 F.3d at 1159. The court will not grant the Motion on this basis.

economic loss rule requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *Id.*

"The most widely recognized exception is when the defendant's conduct constitutes a tort as well as a breach of the contract." *Harris v. Atl. Richfield Co.*, 14 Cal. App. 4th 70, 78 (1993). "For example, when one party commits a fraud during the contract formation or performance, the injured party may recover in contract and tort." *Id.* "A plaintiff may assert a fraudulent concealment cause of action based on conduct occurring in the course of a contractual relationship if the elements of the claim can be established independently of the parties' contractual rights and obligations, and the tortious conduct exposes the plaintiff to a risk of harm beyond the reasonable contemplation of the parties when they entered into the contract." *Rattagan v. Uber Techs., Inc.*, 17 Cal. 5th 1, 13 (2024).

First, Defendant contends Plaintiffs' first cause of action for negligence fails because Plaintiffs plead only economic losses, and not loss or damage to property. Mot. at 24. Plaintiffs allege the matching issue in VetConnect Plus resulted in non-economic harm to animals, including infectious disease outbreaks and patient death. FAC ¶¶ 14, 23, 39, 56, 79–80, 95, 120. At this stage of the proceedings, these allegations are sufficient for Plaintiffs to plead they suffered non-economic harms due to the negligence alleged.

Second, Defendant contends the allegedly injured animals do not constitute "property" sufficient to bring Plaintiffs' negligence claim outside the scope of the economic loss rule, because Plaintiffs have not pleaded sufficient facts to establish legal ownership of these animals. Mot. at 24. At the pleading stage, Plaintiffs need only plead sufficient facts to state claims plausibly. *See Iqbal*, 556 U.S. at 678. Plaintiffs allege they are non-profit entities as well as an individual who had custody of and the right to obtain and provide medical care for the animals in question. FAC ¶¶ 29–32, 41–44, 62–64, 74–77, 83–86, 93–94. At this stage of the proceedings, these

allegations are sufficient to plead Plaintiffs had a sufficient ownership interest to seek care for and assert claims related to these animals.

The court, therefore, DENIES the Motion on these bases.

### E.     Class Allegations

In the alternative, Defendant moves to dismiss Plaintiff's class allegations on the grounds that Plaintiffs cannot satisfy the requirements of Rule 23(b)(1) or (2) as a matter of law.  Mot. at 27–29.

Viewing the allegations of the FAC liberally and in context, the court finds Plaintiffs plead sufficient facts to allege threat of future harm and to seek injunctive relief under Rule 23(b)(2).  *See* FAC ¶¶ 40, 61, 74, 82, 97 (stating Plaintiffs ceased operations due to their inability to trust test results from IDEXX and suggesting they may resume operations if errors caused by the matching issue are resolved).

The court, therefore, DENIES Defendant's alternative request to dismiss Plaintiffs' class allegations.  Having denied Defendant's alternate request on this basis, the court need not address the parties' remaining arguments on this issue.

## **CONCLUSION**

For the aforementioned reasons, the court DENIES the Motion in its entirety. Defendant's Request for Judicial Notice (Dkt. 32-1) is DENIED without prejudice, as unnecessary for the resolution of the Motion.

IT IS SO ORDERED.

Dated: December 2, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge